Paul J. Andre (Bar No. 196585)
Esha Bandyopadhyay (Bar No. 212249)
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, California 94025-1114
Phone: (650) 838-4370
Fax: (650) 838-4350
Email: pandre@perkinscoie.com
bande@perkinscoie.com

Scott T. Wilsdon (*pro hac vice* pending)
Jeremy E. Roller (*pro hac vice* pending)
Yarmuth Wilsdon Calfo PLLC
925 Fourth Avenue, Suite 2500
Seattle, Washington 98104
Phone: (206) 516-3800
Fax: (206) 516-3888
Email: wilsdon@yarmuth.com
jroller@yarmuth.com

Attorneys for Plaintiff Microsoft

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTRAX GROUP, INC., d/b/a SURPLUS COMPUTERS, a California corporation; MICHAEL MAK, an individual; and JOHN DOES 1-5,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF |

**INTRODUCTION**

1. This is an action by Microsoft Corporation ("Microsoft") to recover damages arising from infringement of Microsoft's copyrights in its software by defendants Intrax Group, Inc., d/b/a Surplus Computers, and Michael Mak (collectively, the "Surplus Computers Defendants") and defendants John Does 1-5 (the "John Doe Defendants") (the

Surplus Computers Defendants and the John Doe Defendants collectively are referred to as "Defendants") and to enjoin Defendants' future infringements. Defendants are actively engaged in the illegal and unlawful business of (a) distributing copyrighted Microsoft Student Media software in the United States that, upon information and belief, was intended for schools and other qualified education users abroad, and (b) importing to the United States that copyrighted software without approval or authorization from Microsoft. By this action, Microsoft seeks damages and injunctive relief against Defendants.

**THE PARTIES**

2. Plaintiff Microsoft is a Washington corporation with its principal place of business in Redmond, Washington. Microsoft develops, markets, distributes, and licenses computer software.

3. Defendant Intrax Group, Inc. ("Intrax Group"), doing business as Surplus Computers, is a California corporation. Upon information and belief, Intrax Group's principal place of business is in Santa Clara and/or San Jose, California. Intrax Group distributes computer software on the Internet through a web site at www.surpluscomputers.com, and by other means. As a direct and proximate result of Intrax's wrongful conduct, Microsoft has suffered damages and other harm.

4. Defendant Michael Mak ("Mak") is a resident of Santa Clara, California. Mak controls and operates defendant Intrax Group and, in records filed with the California Secretary of State, is identified as the agent for service of process for Intrax Group. Upon information and belief, Mak personally participated in and/or had the right and ability to supervise, direct and control Intrax Group's wrongful conduct as alleged in this Complaint, derived direct financial benefit from that wrongful conduct, and is personally liable for that conduct. As a direct and proximate result of Mak's wrongful conduct, Microsoft has suffered damages and other harm.

5. Defendants John Does 1-5 ("John Doe Defendants") are individuals and entities whose names currently are unknown to Microsoft and who have committed the acts and practices alleged herein. The Surplus Computers Defendants and the John Doe Defendants have conspired to and, at times relevant herein, have committed the acts and practices alleged herein. As a direct and proximate result of the John Doe Defendants' wrongful conduct, Microsoft has suffered damages and other harm.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over Microsoft's claims for copyright infringement pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a).

7. Additionally, this Court has original jurisdiction over all of Microsoft's claims pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and, upon information and belief, is between citizens of different states.

8. Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because (i) the acts of infringement and other alleged wrongful conduct occurred in the District, (ii) Defendants have sufficient connection with the District to make venue proper, and/or (iii) Defendants reside or may be found in the District.

**INTRADISTRICT ASSIGNMENT**

9. Assignment of this action to the San Jose Division of the Northern District of California is proper under Local Rule 3-2(c), which provides for district-wide assignment of Intellectual Property Actions. Assignment of this action to the San Jose Division of the Northern District of California is also proper because the Surplus Computers Defendants' principal places of business and/or residences are in this Division.

**FACTS COMMON TO ALL CLAIMS**

10. Microsoft develops, advertises, markets, distributes, and licenses a number of computer software programs. Microsoft's software programs are recorded on CD-ROMs

and/or magnetic diskettes, and they are packaged and distributed with associated proprietary materials such as user's guides, user's manuals, end-user license agreements ("EULAs"), Certificates of Authenticity ("COAs"), and other components.

11. Microsoft and its partners distribute some software and other components through special academic programs to provide low cost software to students currently enrolled in K-12 and higher educational institutions. Microsoft distributes Student Media at a discount to provide students in the United States, in developing nations, and worldwide low cost access to the latest software technology and information in furtherance of their educational development. The Student Media program is intended only for students at qualified educational institutions and the license agreements under which such media is distributed restrict the distribution of such media to those students.

12. In the United States, an institution enrolled in one of the special academic programs may order Student Media throughout the term of its agreement only from Authorized Education Resellers ("AERs"). Microsoft AERs are specially trained and authorized to distribute Student Media to qualified education users. Academic institutions, AERs, and students are prohibited from reselling Student Media because the programs through which Student Media is distributed are designed to provide low cost software to qualified students, and not to the general public.

13. As part of its international licensing and distribution programs, Microsoft also imposes geographic restrictions on the distribution of Microsoft products, including Student Media. For example, Student Media distributed to Europe, the Middle East, or Africa would not be licensed for use in North America.

14. Microsoft Windows XP: Microsoft has developed, advertises, markets, distributes, and licenses a software package known as Microsoft Windows XP ("Windows XP"). Windows XP is an operating system for desktop and laptop systems. It performs a number of computer-related operations including, but not limited to, providing support for

various applications and allowing remote access to data and applications stored in Windows XP desktops from network connections. Microsoft holds a valid copyright in Windows XP (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Registration Certificate for Microsoft Windows XP, bearing the number TX 5-407-055 is attached hereto as Exhibit 1 and is incorporated by reference.

15. Microsoft Office 2003: Microsoft Office 2003 ("Office 2003") is a suite of popular Microsoft software programs. Microsoft holds a valid copyright in Office 2003 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Registration Certificate for Microsoft Office 2003, bearing number TX 5-837-617, is attached as Exhibit 2 and is incorporated by reference. Office 2003 includes the following popular Microsoft software programs:

a. Microsoft Access 2003, a program that allows users to create and manipulate databases and to store data. Microsoft holds a valid copyright in Microsoft Access 2003 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft Access 2003, bearing number TX 5-872-225, is attached as Exhibit 3 and is incorporated by reference.

b. Microsoft Excel 2003, a program that allows users to create and manipulate spreadsheets, perform calculations, and store numerical data. Microsoft holds a valid copyright in Microsoft Excel 2003 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft Excel 2003, bearing number TX 5-837-636, is attached as Exhibit 4 and is incorporated by reference.

c. Microsoft Outlook 2003, a program that allows users and networked teams to create and manage calendars, tasks, contacts, and email communications. Microsoft holds a valid copyright in Microsoft Outlook 2003 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft Outlook 2003, bearing number TX 5-900-087, is attached as Exhibit 5 and is incorporated by reference.

d. Microsoft PowerPoint 2003, a program that allows users to create, organize and present overhead and slide presentations. Microsoft holds a valid copyright in Microsoft PowerPoint 2003 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft PowerPoint 2003, bearing number TX 5-852-649, is attached as Exhibit 6 and is incorporated by reference.

e. Microsoft Word 2003, a program that allows users to create and edit reports and documents. Microsoft holds a valid copyright in Microsoft Word 2003 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft Word 2003, bearing number TX 5-900-088, is attached as Exhibit 7 and is incorporated by reference.

## DEFENDANTS' INFRINGEMENT

16. Beginning at a time unknown and continuing to the present, the Surplus Computers Defendants and the John Doe Defendants, individually and as members of the conspiracy described more fully below, have conspired to and are actively engaged in the illegal and unlawful business of (a) importing to the United States as yet unknown quantities of Microsoft Student Media software that was manufactured and licensed for

use outside the United States, without approval or authorization from Microsoft, and (b) distributing that Student Media, which was manufactured and licensed for educational use only, to individuals and entities not qualified to use the software, without approval or authorization from Microsoft. Upon information and belief, Defendants are attempting to exploit the difference between the retail prices of Microsoft software in the United States and the reduced prices of Microsoft software licensed for educational use abroad.

17. The Surplus Computers Defendants advertise and distribute infringing Microsoft software, including Student Media software imported to the United States without approval or authorization from Microsoft, in interstate commerce through the Surplus Computers Defendants' web site www.surpluscomputers.com.

18. Upon information and belief, the John Doe Defendants import to the United States, without approval or authorization from Microsoft, infringing Microsoft software, including Student Media software manufactured and licensed for exclusive use abroad. Upon information and belief the John Doe Defendants distribute that infringing Microsoft software in interstate commerce in the United States.

19. On or about April 10, 2006, an investigator placed an order for one unit of a Microsoft product known as Office 2003 Standard from the Surplus Computers Defendants through their web site www.surpluscomputers.com. Microsoft examined the software (CD-ROM) and determined that it was infringing because it was Student Media licensed for exclusive distribution to qualified educational users participating in a special academic licensing program. Additionally, the software was manufactured outside the United States and was not licensed for distribution or use in the United States. Upon information and belief, the John Doe Defendants imported this software to the United States and/or distributed the software in interstate commerce to the Surplus Computers Defendants.

20. On or about September 26, 2006, an investigator placed an order for one unit of a Microsoft product known as Windows XP Professional x64 Edition and one unit of a

Microsoft product known as Office 2003 Professional Enterprise Edition from Surplus Computers through their web site www.surpluscomputers.com. Microsoft examined the two units of software (CD-ROMs) and determined that they were infringing because they were Student Media licensed for exclusive distribution to qualified educational users participating in a special academic program. Additionally, the software was manufactured outside the United States and was not licensed for distribution or use in the United States. Upon information and belief, the John Doe Defendants imported this software to the United States and/or distributed the software in interstate commerce to the Surplus Computers Defendants.

21. On or about November 3, 2006, an investigator placed an order for one unit of Windows XP Professional from the Surplus Computers Defendants through their web site www.surpluscomputers.com. Microsoft examined the software (CD-ROM) and determined that it was infringing because it was Student Media licensed for exclusive distribution to qualified educational users participating in a special academic licensing program. Additionally, the software was manufactured outside the United States and was not licensed for distribution or use in the United States. Upon information and belief, the John Doe Defendants imported this software to the United States and/or distributed the software in interstate commerce to the Surplus Computers Defendants.

22. On or about January 3, 2007, Microsoft notified the Surplus Computers Defendants by letter that Microsoft had analyzed software distributed by them and had identified it as infringing Student Media. The letter demanded that the Surplus Computers Defendants immediately cease and desist all infringing activity and warned that Microsoft reserved "the right to seek all available legal remedies without further notice." The letter was delivered by Federal Express to the current business address for the Surplus Computers Defendants.

23. Despite receiving the warning described in the prior paragraph, the Surplus Computers Defendants continued to engage in their infringing and illegal practices. On or about January 11, 2007, an investigator placed an order for one unit of Windows XP Professional x64 Edition and one unit of a Microsoft product known as Office 2003 Professional Enterprise Edition from the Surplus Computers Defendants through their web site www.surpluscomputers.com. Microsoft examined the software (CD-ROMs) and determined that it was infringing because it was Student Media licensed for exclusive distribution to qualified educational users participating in a special academic licensing program. Additionally, the software was manufactured outside the United States and was not licensed for distribution or use in the United States. Upon information and belief, the John Doe Defendants imported this software to the United States and/or distributed the software in interstate commerce to the Surplus Computers Defendants.

24. On or about March 6, 2007, an investigator placed an order for three units of Office 2003 Professional Enterprise Edition from the Surplus Computers Defendants through their web site www.surpluscomputers.com. Microsoft examined the three units of software (CD-ROMs) and determined that they were infringing because they were Student Media licensed for exclusive distribution to qualified educational users participating in a special academic licensing program. Additionally, the software was manufactured outside the United States and was not licensed for distribution or use in the United States. Upon information and belief, the John Doe Defendants imported this software to the United States and/or distributed the software in interstate commerce to the Surplus Computers Defendants.

25. Upon information and belief, Defendants' violations are willful, deliberate and committed with prior notice and knowledge of Microsoft's copyrights. Defendants' wrongful conduct has caused and continues to cause significant and irreparable harm to Microsoft. Microsoft brings this action to recover damages for the harm it has sustained, to

impose a constructive trust upon the Defendants' illegal profits and assets purchased with those profits, and to obtain injunctive relief prohibiting Defendants' further violations and infringements.

**CLAIM I**

**(Copyright Infringement, 17 U.S.C. § 501, *et seq.*)**

26. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 25, inclusive.

27. Microsoft is the sole owner and licensor of Microsoft Windows XP, Microsoft Office 2003, and other software and components covered by Microsoft's registered copyrights and bearing Microsoft's registered trademarks or imitations thereof, and of all corresponding copyrights and Certificates of Registration.

28. Defendants have infringed the copyrights in Microsoft's software, including, but not limited to Microsoft Windows XP, Microsoft Office 2003, and other software and components covered by Microsoft's registered copyrights and bearing Microsoft's registered trademarks or imitations thereof, by distributing infringing materials in the United States of America, without approval or authorization from Microsoft.

29. Defendants' conduct has been willful within the meaning of the Copyright Act. At a minimum, Defendants acted with willful blindness to and in reckless disregard of Microsoft's registered copyrights.

30. As a result of their wrongful conduct, Defendants are liable to Microsoft for copyright infringement. Microsoft has suffered, and will continue to suffer, substantial losses, including, but not limited to, damage to its business reputation and goodwill. Microsoft is entitled to recover damages, which include its losses and all profits Defendants have made as a result of their wrongful conduct, pursuant to 17 U.S.C. § 504(b).

31. Alternatively, Microsoft is entitled to statutory damages pursuant to 17 U.S.C. § 504(c). In addition, because Defendants' infringement has been willful within the

meaning of the Copyright Act, the award of statutory damages should be enhanced pursuant to 17 U.S.C. § 504(c)(2).

32. Microsoft is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503. Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's copyrights are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement harms Microsoft's business reputation and goodwill such that Microsoft could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

33. Microsoft is also entitled to recover its attorney's fees and costs of suit pursuant to 17 U.S.C. § 505.

**CLAIM II**

**(Infringing Importation of Copyrighted Works, 17 U.S.C. § 602)**

34. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 33, inclusive.

35. Microsoft is the sole owner and licensor of Microsoft Windows XP, Microsoft Office 2003, and other software and components covered by Microsoft's registered copyrights and bearing Microsoft's registered trademarks or imitations thereof, and of all corresponding copyrights and Certificates of Registration. Microsoft manufactures certain software media for distribution in countries other than the United States.

36. Defendants have infringed the copyrights in Microsoft's software, including, but not limited to Microsoft Windows XP, Microsoft Office 2003, and other software and components covered by Microsoft's registered copyrights and bearing Microsoft's registered trademarks or imitations thereof, by importing to the United States and/or

distributing in the United States that copyrighted software, without approval or authorization from Microsoft.

37. Defendants' conduct has been willful within the meaning of the Copyright Act. At a minimum, Defendants acted with willful blindness to and in reckless disregard of Microsoft's registered copyrights.

38. As a result of their wrongful conduct, Defendants are liable to Microsoft for copyright infringement. Microsoft has suffered, and will continue to suffer, substantial losses, including, but not limited to, damage to its business reputation and goodwill. Microsoft is entitled to recover damages, which include its losses and all profits Defendants have made as a result of their wrongful conduct, pursuant to 17 U.S.C. § 504(b).

39. Alternatively, Microsoft is entitled to statutory damages pursuant to 17 U.S.C. § 504(c). In addition, because Defendants' infringement has been willful within the meaning of the Copyright Act, the award of statutory damages should be enhanced pursuant to 17 U.S.C. § 504(c)(2).

40. Microsoft is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503. Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's copyrights are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement harms Microsoft's business reputation and goodwill such that Microsoft could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

41. Microsoft is also entitled to recover its attorney's fees and costs of suit pursuant to 17 U.S.C. § 505.

**CLAIM III**

**(Accounting)**

42. Microsoft repeats and incorporates by this reference each and every allegation as set forth in paragraphs 1 through 41, inclusive.

43. Microsoft is entitled, pursuant to 17 U.S.C. § 504, to recover any and all profits of the Defendants that are attributable to their acts of infringement or violations thereof.

44. The amount of money due from Defendants to Microsoft is unknown to Microsoft and cannot be ascertained without a detailed accounting by Defendants of the precise number of units of infringing material imported to the United States, offered for distribution, and distributed by them.

**PRAYER FOR RELIEF**

WHEREFORE, Microsoft respectfully requests judgment as follows:

1. That the Court enter a judgment against Defendants finding that they have:

a. willfully infringed Microsoft's rights in the following federally registered copyrights, in violation of 17 U.S.C. § 501:

(1) TX 5-407-055 ("Microsoft Windows XP");

(2) TX 5-837-617 ("Microsoft Office 2003");

(3) TX 5-872-225 ("Microsoft Access 2003");

(4) TX 5-837-636 ("Microsoft Excel 2003");

(5) TX 5-900-087 ("Microsoft Outlook 2003");

(6) TX 5-852-649 ("Microsoft PowerPoint 2003");

(7) TX 5-900-088 ("Microsoft Word 2003"); and

(8) Other items or works protected by Microsoft copyrights;

b. willfully infringed Microsoft's rights by importing to the United States Microsoft Windows XP, Microsoft Office 2003, and other software and components

covered by Microsoft's registered copyrights and bearing Microsoft's registered trademarks or imitations thereof;

c. otherwise injured the business reputation and business of Microsoft by the acts and conduct set forth in this Complaint.

2. That the Court issue preliminary and permanent injunctive relief against Defendants, and that Defendants, their officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants, be enjoined and restrained from:

a. imitating, copying, or making any other infringing use or importation to the United States or elsewhere, or infringing distribution of the software and/or materials now or hereafter protected by the following copyright Certificates Registration Nos.:

(1) TX 5-407-055 ("Microsoft Windows XP");

(2) TX 5-837-617 ("Microsoft Office 2003");

(3) TX 5-872-225 ("Microsoft Access 2003");

(4) TX 5-837-636 ("Microsoft Excel 2003");

(5) TX 5-900-087 ("Microsoft Outlook 2003");

(6) TX 5-852-649 ("Microsoft PowerPoint 2003");

(7) TX 5-900-088 ("Microsoft Word 2003"); and

(8) Other items or works protected by Microsoft copyrights;

b. redistributing Microsoft Student Media distributed under an academic program agreement;

c. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a)-(b) above.

3. That the Court enter an order, pursuant to 17 U.S.C. §§ 503(a) and 509(a) and 28 U.S.C. § 1651(a), impounding all infringing Microsoft software and/or materials, or any Microsoft documentation or packaging, and any related items, including business

records, that are in Defendants' possession or under their control, and ordering the return, remedial destruction, or other appropriate disposition of all impounded items;

4. That the Court enter an order, pursuant 17 U.S.C. § 504(b) declaring that Defendants hold in trust, as constructive trustees for the benefit of Microsoft, all "profits" received by Defendants from their importation, distribution or sale of infringing Microsoft software and/or materials, and issue temporary, preliminary and permanent injunctive relief enjoining and restraining Defendants and their agents from transferring, concealing or dissipating all profits and assets acquired in whole or in part with those profits;

5. That the Court enter an order requiring Defendants to provide Microsoft a full and complete accounting of all profits received by Defendants from their distribution or sale of infringing Microsoft software and/or materials, and of any other amounts due and owing to Microsoft as a result of Defendants' illegal activities;

6. That the Court order Defendants to pay Microsoft's general, special, actual, and statutory damages as follows: Microsoft's damages and Defendants' profits pursuant to 17 U.S.C. § 504(b) or, alternatively, enhanced statutory damages pursuant to 17 U.S.C. § 504(c) and 17 U.S.C. § 504(c)(2), for Defendants' willful infringement of Microsoft's copyrights;

7. That the Court order Defendants to pay to Microsoft both the costs of this action and the reasonable attorneys' fees incurred by Microsoft in prosecuting this action; and

//

//

//

//

//

//

8. That the Court grant to Microsoft such other and additional relief as is just and proper.

DATED this 2nd day of April 2007.

OF COUNSEL:

Scott T. Wilsdon (*pro hac vice* pending)
Jeremy E. Roller (*pro hac vice* pending)
YARMUTH WILSDON CALFO PLLC
925 Fourth Avenue, Suite 2500
Seattle, Washington 98104
Phone: (206) 516-3800
Fax: (206) 516-3888
Email: wilsdon@yarmuth.com
jroller@yarmuth.com

Paul J. Andre (Bar No. 196585)
Esha Bandyopadhyay (Bar No. 212249)
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, California 94025-1114
Phone: (650) 838-4370
Fax: (650) 838-4350
Email: pandre@perkinscoie.com
bande@perkinscoie.com

Attorneys for Plaintiff Microsoft Corporation