1  Steven A. Dillick -- Bar No. 111419
   Law Offices of Steven A. Dillick
2  One Maritime Plaza
   Suite 1040
3  San Francisco, CA  94111
   sdillick@ix.netcom.com
4  (415) 399-8777

5  Attorney for Intrax Group, Inc.
   and Michael Mak

6

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9                      SAN FRANCISCO DIVISION

10  MICROSOFT CORPORATION          )    CASE NO.  07-cv-01840 EMC
    a Washington corporation,      )
11                                 )
        Plaintiff,                 )
12                                 )    **ANSWER TO COMPLAINT**
                                   )    **FOR DAMAGES AND INJUNCTIVE**
13      v.                         )    **RELIEF**
                                   )
14  INTRAX GROUP, INC., D/B/A       )    (JURY TRIAL DEMANDED)
    SURPLUS COMPUTERS, a California )
15  corporation; MICHAEL MAK, an    )
    individual and JOHN DOES 1-5    )
16                                 )
        Defendants                 )
17  _____)

18         Defendants INTRAX GROUP, INC. (Intrax) and MICHAEL MAK respond to the

19  identically-numbered allegations of the complaint on file in this action as follows:

20         1.  Defendants admit that this action is for the claims stated.  Otherwise, denied.

21         2.  Defendants lack sufficient information on which to determine the truth of this allegation

22  and deny it on that basis.

23         3.  Defendants admit all allegations herein except that Microsoft has suffered any damage

24  or that Intrax has engaged in wrongful conduct, which are denied.

25         4.  Defendants admit that Mak is a resident of Santa Clara county California.  Otherwise,

26  defendants lack sufficient information to determine the  truth of this allegation and deny it on that

27  basis.

28  Answer to Complaint for
    Damages and Injunctive Relief.
    Case No. 3:07-cv-01840 EMC

1    5. Defendants deny that they have conspired or engaged in any wrongful conduct or that they

2    are responsible for damage to Microsoft.  Defendants lack sufficient information to determine the

3    truth of the remainder of this allegation and deny it on that basis.

4    6. Defendants lack sufficient information to determine the  truth of this allegation and deny

5    it on that basis

6    7. Defendants admit that this matter concerns citizens of two states. Defendants lack

7    sufficient information to determine the  truth of the remainder of this allegation and deny it on that

8    basis

9    8. Defendants admit that one or more of them reside in and may be found in this District.

10   They deny that they engaged in any infringement or other wrongful conduct. Defendants lack

11   sufficient information to determine the  truth of the remainder of this allegation and deny it on that

12   basis

13                              **INTRADISTRICT ASSIGNMENT**

14   9. Defendants admit that rule 3-2(c) permits the assignment of this matter on a district-wide

15   basis, and they admit that the defendants have their principal place of business and/or residences in

16   this Division.  Defendants find San Francisco is more convenient for defendants, who would prefer

17   the matter remain in San Francisco.  Defendants' counsel is based in San Francisco. Plaintiff's

18   counsel is in San Mateo, while co-counsel is in Seattle, WA.  Therefore, San Francisco is no less

19   convenient for them.

20   10. Defendants lack sufficient information to determine the  truth of these allegations and

21   deny them on that basis.

22   11. Defendants admit that Microsoft distributes software.  Defendants lack sufficient

23   information to determine the  truth of this allegation and deny it on that basis.

24   12. Defendants lack sufficient information to determine the  truth of these allegations and

25   deny them on that basis.

26   13. Defendants lack sufficient information to determine the  truth of these allegations and

27   deny them on that basis.

28

14.  Defendants admit that Microsoft publishes a product known as Windows XP as an operating system. Otherwise, Defendants lack sufficient information to determine the truth of these allegations and deny them on that basis.

15. (a-e). Defendants admit that Microsoft publishes a product known as Microsoft Office 2003, and that it is a suite of programs. Otherwise, Defendants lack sufficient information to determine the truth of these allegations and deny them on that basis.

## DEFENDANTS' INFRINGEMENT

16.  Denied.

17. Defendants lack sufficient information to determine the truth of this allegation and deny it on that basis.

18.  Defendants lack sufficient information to determine the truth of these allegations and deny them on that basis.

19. Defendants lack sufficient information to determine the truth of these allegations and deny them on that basis.

20. Defendants lack sufficient information to determine the truth of these allegations and deny them on that basis.

21.Defendants lack sufficient information to determine the truth of these allegations and deny them on that basis.

22.  Defendants lack sufficient information to determine the truth of these allegations and deny them on that basis.

23. Defendants deny there was any infringement or illegal practices by them.  Otherwise, Defendants lack sufficient information to determine the truth of these allegations and deny them on that basis.

24. Defendants lack sufficient information to determine the truth of these allegations and deny them on that basis.

25. Defendants deny that they have violated the rights of Microsoft, and further deny that any

Answer to Complaint for
Damages and Injunctive Relief.
Case No. 3:07-cv-01840 EMC                    - 3 -

violations were willful or deliberate or that their actions have harmed Microsoft. Otherwise, Defendants lack sufficient information to determine the truth of these allegations and deny them on that basis.

**CLAIM 1**

**(Copyright Infringement, 17 U.S.C. §501, et seq.)**

26.  Defendants incorporate their responses to each of the allegations above.

27. Defendants lack sufficient information to determine the truth of these allegations and deny them on that basis.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

**CLAIM II**

**(Infringing Importation of Copyrighted Works, 17 U.S.C. §602)**

34. Defendants incorporate their responses to each of the allegations above.

35. Defendants lack sufficient information to determine the truth of these allegations and deny them on that basis.

36.  Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

1

**CLAIM III**

2

**(Accounting)**

3    42. Defendants lack sufficient information to determine the  truth of these allegations and

4    deny them on that basis.

5    43.  Denied.

6    44.  Defendants lack sufficient information to determine the  truth of these allegations and

7    deny them on that basis.

8

9

**AFFIRMATIVE DEFENSES**

10    As affirmative defenses, these defendants allege as follows:

11    FIRST AFFIRMATIVE DEFENSE

12    1.  Plaintiff has failed to state a claim on which relief can be granted in this case.

13    SECOND AFFIRMATIVE DEFENSE

14    2.  Plaintiff is not entitled to any recovery in this matter because of plaintiff's failure to

15    mitigate its damages in this matter.

16    THIRD AFFIRMATIVE DEFENSE

17    3.  Plaintiff is estopped from recovering in this matter due to its wrongful conduct. Plaintiff

18    has known that its dealers and distributors were selling their product in a manner that Plaintiff now

19    alleges is in violation of its rights, such as sales of educational product to buyers who do not meet

20    Plaintiff's alleged qualifications.  As a result, Plaintiff is estopped from asserting these claims

21    against these defendants.

22    FOURTH AFFIRMATIVE DEFENSE

23    4.  Plaintiff is barred from recovery herein pursuant to its initial sale of the products under

24    the first sale doctrine.

25    FIFTH AFFIRMATIVE DEFENSE

26    5.  Plaintiff is not entitled to any recovery in this matter due to its acquiescence in the

27    activities of the defendants and others.  Plaintiff's marks have been in open and continuous use by

28

1  the defendants and others known to the defendants prior to the filing of this action.  Plaintiff has

2  known that its dealers and distributors were selling their product in a manner that Plaintiff now

3  alleges is in violation of its rights, such as sales of their products to buyers who do not meet the

4  alleged qualifications, for educational product and other types. Despite this knowledge, Plaintiff has

5  taken no action.  Moreover, Plaintiff has made some of these sales itself, while maintaining falsely

6  that nothing of this kind takes place.  Plaintiff has chosen to look the other way and allow the

7  practice.

8          Defendants have relied to their detriment on plaintiff's acquiescence and delay in continuing

9  to use plaintiff's marks and in its other actions.  Plaintiff is therefore barred from any recovery herein

10  and is not entitled to allege that any acts of defendants are an infringement of plaintiff's rights.

11                              SIXTH AFFIRMATIVE DEFENSE

12          6.  Plaintiff is not entitled to any recovery in this matter due to its unreasonable delay under

13  the doctrine of laches.

14                            SEVENTH AFFIRMATIVE DEFENSE

15          7.  Plaintiff is not entitled to any recovery in this matter because its actions released the

16  Defendants from any liability for the alleged actions..

17                             EIGHTH AFFIRMATIVE DEFENSE

18          8.  Plaintiff is not entitled to any recovery in this matter because by its actions, it has waived

19  any right to do so.

20                              NINTH AFFIRMATIVE DEFENSE

21          9.  Plaintiff is not entitled to any recovery in this matter because defendants' use constitutes

22  a fair use of these marks in question.

23                              TENTH AFFIRMATIVE DEFENSE

24          10.  Plaintiff is barred from making these claims pursuant to the applicable statutes of

25  limitation including 17 U.S.C. 507.

26                            ELEVENTH AFFIRMATIVE DEFENSE

27          11.  Plaintiff is not entitled to any recovery in this matter because of plaintiff's unclean hands.

28

1    Among other matters, plaintiff has engaged in the same practices itself, or known of similar actions

2    by various third parties, yet chosen to keep selling product to these resellers and let them continue

3    to act in this manner in order to maximize their profits.

4

5          WHEREFORE, Defendants pray:

6          1.  That Plaintiff take nothing by way of this action;

7          2.  For judgment in favor of defendants and each of them;

8          3.  For costs of suit and attorney fees according to proof;  and

9          4.  For such other and further relief as the court deems just and proper.

10

11

12

13

14

15

16

17                                          Law Offices of Steven Dillick

18

19   Date: June 4, 2007                     /s/ Steven A. Dillick_____

20

21

22

23

24

25

26

27

28
     Answer to Complaint for
     Damages and Injunctive Relief.
     Case No. 3:07-cv-01840 EMC          - 7 -

1

<u>PROOF OF SERVICE</u>

2         I, Steven A. Dillick, hereby declare that I am over the age of eighteen years and not a party

3    to the within action. My business address is One Maritime Plaza, Suite 1040, San Francisco, CA

4    94111. On the date indicated below, I served the following documents on the party(s) listed below:

5    <u>Documents</u>: Answer to complaint

6

7    <u>Parties Served</u>:

8    Paul J. Andre
    Esha Bandyopadhyay
9    Perkins Coie LLP
    101 Jefferson Dr.
10   Menlo Park, CA 94025-1114

11   Scott T. Wilsdon
    Jeremy E. Roller
12   Yarmuth, Wilsdon, Calfo, PLLC
    925 Fourth Ave.
13   Suite 2500
    Seattle, Washington 98104

14

15   <u>Method of service</u>:

16       [X ] placing a true copy in a sealed envelope with postage fully prepaid for collection and
     mailing on the date and at the address shown herein in the ordinary course of business.

17

18       [ ] by having a messenger personally deliver a true copy thereof in a sealed envelope. The
     messenger was from Quicksilver in San Francisco.

19       [ ] by facsimile transmission

20       Executed on the date set forth below at San Francisco, California. I declare under penalty

21   of perjury that the foregoing is true and correct.

22

23
     June 4, 2007                              <u>/s/ Steven A. Dillick</u>
24

25

26

27

28
     Answer to Complaint for
     Damages and Injunctive Relief.
     Case No. 3:07-cv-01840 EMC          - 8 -