Paul J. Andre (Bar No. 196585)
Pandre@perkinscoie.com
Esha Bandyopadhyay (Bar No. 212249)
bande@perkinscoie.com
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, California 94025-1114
Phone: (650) 838-4370
Fax: (650) 838-4350

Scott T. Wilsdon (*pro hac vice*)
wilsdon@yarmuth.com
Jeremy E. Roller (*pro hac vice*)
jroller@yarmuth.com
Yarmuth Wilsdon Calfo PLLC
925 Fourth Avenue, Suite 2500
Seattle, Washington 98104
Phone: (206) 516-3800
Fax: (206) 516-3888

Attorneys for Plaintiff
MICROSOFT CORPORATION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation, | No. 07-CV-01840-CW |
| Plaintiff, | **JOINT CASE MANAGEMENT PLAN** |
| v. | |
| INTRAX GROUP, INC., d/b/a, SURPLUS COMPUTERS, a California corporation; MICHAEL MAK, an individual; and JOHN DOES 1-5, | |
| Defendants. | |

The Plaintiff Microsoft Corporation, by and through its undersigned counsel of record, and Defendants Intrax Group, Inc. d/b/a Surplus Computers and Michael Mak ("Defendants"), by and through their undersigned counsel of record, having met and

1    conferred with respect to the matters set forth herein, hereby submit the following Joint

2    Case Management Statement.

3    1.    **Jurisdiction and Service**.

4         This Court has subject matter jurisdiction over Microsoft's claims for copyright

5    infringement pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a), and venue is

6    proper in the Northern District of California pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

7    Defendants Intrax Group, Inc. d/b/a Surplus Computers and Michael Mak conduct business

8    and reside in the Northern District in Santa Clara County and were both served on April 24,

9    2007.  All parties currently known to Microsoft have been served.

10   2.    **Facts**.

11        a.    **Factual Chronology**:  Microsoft alleges as follows:  On April 10, 2006, a

12   Microsoft investigator ordered what was advertised as one unit of Microsoft Office 2003

13   Standard, through www.surpluscomputers.com which, upon information and belief, is

14   Defendants' web site.  Defendants contend that they advertised the software accurately as

15   Microsoft Office Student Media.  Microsoft alleges that it examined the software and

16   determined that it infringed its copyrights because it was Microsoft Student Media software

17   ("Student Media"), which the Defendants were not authorized to use or distribute, and

18   which Microsoft believes was unlawfully imported to the United States and/or distributed in

19   interstate commerce by the John Doe Defendants.  Subsequent purchases by Microsoft

20   investigators through the same web site on September 26, 2006 (one unit each of Microsoft

21   Windows XP Professional and Office 2003 Professional) and November 3, 2006 (one unit

22   Windows XP Professional) also proved to be infringing Student Media which had been

23   manufactured outside the United States and was not licensed for distribution in the United

24   States.  On January 3, 2007, Microsoft delivered a letter by Federal Express to Defendants,

25   demanding that they cease and desist all infringing activity or risk legal action.  Despite this

26   warning, it was determined through purchases by Microsoft investigators on January 11,

1    2007 (one unit each of Microsoft Windows XP Professional and Office 2003 Professional)

2    and March 6, 2007 (three units of Microsoft Office 2003 Professional) that Defendants

3    were continuing their distribution of Student Media through use of the web site

4    www.surpluscomputers.com, thereby infringing Microsoft's copyrights.

5           b.    **Principal factual issues in dispute:** Microsoft contends that the Defendants

6    imported to the United States Microsoft software, including but not limited to, Windows XP

7    and Office 2003, and other software and components covered by Microsoft's registered

8    copyrights and bearing Microsoft's registered trademarks, and/or distributed in the United

9    States that software, without approval or authorization from Microsoft.  Defendants have

10   denied these allegations.

11   3.    **Legal Issues**.

12          (1) Whether Defendants infringed Microsoft's registered copyrights by importing

13   and/or distributing Microsoft software and components, without approval or authorization

14   from Microsoft, in violation of 17 U.S.C. §§ 501, 602; (2) whether Defendants' actions

15   were willful, as defined by 17 U.S.C. § 504(c)(2); and (3) the treatment of software under

16   the First Sale Doctrine.

17   4.    **Motions**.

18          There are no previous or pending motions in this matter.

19   5.    **Amendment of Pleadings**.

20          The parties do not currently expect to amend any parties, claims, or defenses, but

21   reserve their right to do so. The parties propose a deadline of February 5, 2008, for

22   amending the pleadings.

23   6.    **Evidence Preservation**.

24          Microsoft requests that Defendants preserve any and all Microsoft Student Media

25   software in their possession; copies of all business records, invoices, billing statements,

26   orders and shipping records relating to their sales and purchases of any Microsoft software

1   products; records containing contact information for the companies and/or individuals from

2   whom they acquired any Microsoft software for resale, including addresses, telephone

3   numbers, email addresses and website addresses; and copies of any correspondence, email

4   or otherwise, relating to any Microsoft software or products they have acquired and/or

5   distributed.

6       Defendants ask that Microsoft preserve all documents relating to the subject

7   product, all documents relating to third parties that were in the chain of distribution of the

8   subject product from publisher to end user, and all documents relating to the production,

9   shipment, sale or licensing of the subject product.  This includes all contracts (including but

10  not limited to licensing agreements), correspondence of any sort, phone records, shipping

11  records, and any other materials, including both hard copy and electronic copies.

12  Defendants also ask that Microsoft preserve all documents relating to the licensing or

13  distribution of Student Media, and academic version software, including all materials

14  provided to potential or actual distributors and all documents relating to Microsoft's

15  policies regarding sales and distribution of student media, academic version software, and

16  similar types of product sold by Microsoft.

17  7.    **Disclosures**.

18      The parties have agreed to exchange their initial disclosures pursuant to the

19  requirements of Fed. R. Civ. P. 26(a) by August 17, 2007.

20      Plaintiff Microsoft will disclose (i) the names and relevant information regarding

21  known fact witnesses, (ii) evidence relevant to its case (copyright and trademark

22  registrations, copies of web pages from www.surpluscomputers.com, infringing Student

23  Media distributed by Defendants in Microsoft's possession, and the invoices for the

24  infringing Student Media acquired by Microsoft's investigators), and (iii) the applicable

25  damages and statutory references thereto.

26

JOINT CASE MANAGEMENT PLAN
NO. 07-CV-01840-CW – Page 4

1    Intrax will disclose the names and contact information for its suppliers of the subject

2    product.

3    8.    **Discovery**.

4    Initial Disclosures, pursuant to Fed. R. Civ. P. 26(a)(1), will be exchanged by the

5    parties as noted in Paragraph 7 above.  No other discovery has been conducted to date.

6    The parties do not currently anticipate the need for modifications to the limitations

7    on discovery imposed under the Federal Rules of Civil Procedure and the Local Civil Rules.

8    The parties, however, reserve their right to request modification or limitations on discovery

9    as this case proceeds.

10    The parties have agreed on a proposed discovery plan as set forth in their

11    accompanying Rule 26(f) Report of Meeting.

12    9.    **Class Actions**.

13    Not applicable.

14    10.    **Related Cases**.

15    Not applicable.

16    11.    **Relief**.

17    a.    **Damages**:  Microsoft contends that it is entitled to recover actual damages,

18    which include its losses and all profits Defendants have made as a result of their wrongful

19    conduct, pursuant to 17 U.S.C. § 504(b).  Alternatively, Microsoft contends that it is

20    entitled to statutory damages pursuant to 17 U.S.C. § 504(c).  In addition, Microsoft

21    contends that because Defendants' infringement has been willful within the meaning of the

22    Copyright Act, the award of statutory damages should be enhanced pursuant to 17 U.S.C. §

23    504(c)(2).

24    b.    **Bases for damage calculation**:  Microsoft contends that actual damages

25    should be calculated based on the (i) lost sales and foregone profits to Microsoft caused by

26    Defendants' infringing conduct, (ii) internal costs to Microsoft of investigating Defendants'

1   infringing conduct, and (iii) profits directly attributable to Defendants' sales of Student

2   Media software.  Statutory damages will be calculated based on the number of Microsoft

3   copyright infringements, with each copyright infringement assessed at no less than $750

4   and no more than $30,000, for non-willful infringements, and no more than $150,000 each

5   for willful infringement.

6           c.      **Accounting**:  Microsoft will seek an order, pursuant to 17 U.S.C. § 504,

7   requiring Defendants to provide Microsoft a full and complete accounting of all profits

8   received by Defendants from their distribution or sale of infringing Microsoft software

9   and/or materials, and of any other amounts due and owing to Microsoft as a result of

10  Defendants' illegal activities.

11          d.      **Injunctive Relief**:  Microsoft will seek a preliminary and permanent

12  injunctive relief pursuant to 17 U.S.C. § 502 to prohibit Defendants from continuing their

13  infringing conduct.

14          e.      **Impoundment Order**:   Microsoft will seek an order, pursuant to 17 U.S.C.

15  §§ 503(a) and 509(a) and 28 U.S.C. § 1651(a), impounding all infringing Microsoft

16  software and/or materials, or any Microsoft documentation or packaging, and any related

17  items, including business records, that are in Defendants' possession or under their control,

18  and ordering the return, remedial destruction, or other appropriate disposition of all

19  impounded items.

20          f.      **Constructive Trust**:  Microsoft will seek an order, pursuant 17 U.S.C. §

21  504(b) declaring that Defendants hold in trust, as constructive trustees for the benefit of

22  Microsoft, all "profits" received by Defendants from their importation, distribution or sale

23  of infringing Microsoft software and/or materials, and issue temporary, preliminary and

24  permanent injunctive relief enjoining and restraining Defendants and their agents from

25  transferring, concealing or dissipating all profits and assets acquired in whole or in part with

26  those profits.

g.      **Attorney's Fees/Costs**:  Microsoft will also seek to recover its attorney's fees and costs of suit pursuant to 17 U.S.C. § 505.

12.     **Settlement and Alternative Dispute Resolution**.

The parties are currently exploring possible settlement options and have elected Mediation (ADR L.R. 6) as their ADR process.  The ADR plan was previously filed in accordance with the Court's scheduling order.  Microsoft will need to review Defendants' initial disclosures, and may need to depose the individual defendants in order to be in a position to negotiate a resolution.

13.     **Consent to Magistrate Judge for All Purposes**.

The parties do not consent to having a magistrate judge conduct trial and enter judgment.  The parties will consent to a referral to a magistrate judge for general case management and discovery issues.

14.     **Other References**.

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.     **Narrowing of Issues**.

The parties agree that Microsoft holds valid copyright registrations in, *inter alia*, (a) Microsoft Windows XP, (b) Microsoft Office 2003, (c) Microsoft Access 2003, (d) Microsoft Excel 2003, (e) Microsoft Outlook 2003, (f) Microsoft PowerPoint 2003, and (g) Microsoft Word 2003.

16.     **Expedited Schedule**.

Not applicable.

17.     **Scheduling**.

The parties propose the following case deadlines:

Plaintiff's expert disclosures:      March 20, 2008

Defendant's expert disclosures:      April 18, 2008

| | |
|---|---|
| Discovery Cut-Off: | July 18, 2008 |
| Deadline to add additional parties: | February 5, 2008 |
| Dispositive Motions Deadline: | August 14, 2008 |
| Pre-Trial Conference: | October 21, 2008 |
| Trial Date: | December 1, 2008 |

18.    **Trial**.

     The Defendants have requested a trial by jury.  The parties expect that the trial will last five to ten days.

19.    **Disclosure of Non-Party Interested Entities or Persons**.

     The Plaintiff has filed the required Certification of Interested Entities or Persons under Civil Local Rule 3-16.

20.    **Other Matters**.

     Not applicable.


     DATED this 20th day of July, 2007.


PERKINS COIE LLP

By:___/s/ Esha Bandyopadhyay_____
    Paul J. Andre (Bar No. 196585)
    pandre@perkinscoie.com
    Esha Bandyopadhyay (Bar No. 212249)
    bande@perkinscoie.com
101 Jefferson Drive
Menlo Park, California 94025-1114
Phone: (650) 838-4370
Fax: (650) 838-4350

LAW OFFICES OF STEVEN A. DILLICK

By:___/s/ Steven A. Dillick_____
    Steven A. Dillick (Bar No. 111419)
One Maritime Plaza, Suite 1040
San Francisco, California 94111
Phone: (415) 399-8777
Fax: (415) 399-8778
Email: sdillick@ix.netcom.com

Attorney for Defendants INTRAX GROUP, INC. d/b/a SURPLUS COMPUTERS and MICHAEL MAK

OF COUNSEL:

YARMUTH WILSDON CALFO PLLC

By:  /s/ Jeremy E. Roller
      Scott T. Wilsdon (*pro hac vice*)
      wilsdon@yarmuth.com
      Jeremy E. Roller (*pro hac vice*)
      jroller@yarmuth.com
925 Fourth Avenue, Suite 2500
Seattle, Washington 98104
Phone: (206) 516-3800
Fax: (206) 516-3888

Attorneys for Plaintiff MICROSOFT
CORPORATION

1

## CERTIFICATE OF SERVICE

2        I hereby certify that the foregoing document was served upon the following parties
and/or counsel of record, by the means designated below, this 20th day of July, 2007.

3

4    **Counsel for Defendants**

Steven A. Dillick
5    Law Offices of Steven A. Dillick
One Maritime Plaza, Suite 1040
6    San Francisco, CA  94111
Phone: 425-399-8777
7    Fax:
Email: sdillick@ix.netcom.com
8

☐ Via Email
9    ☐ Via Facsimile
☐ Via Federal Express
10   ☐ Via Hand Delivery
☐ Via U.S. Mail
11   ☒ Via ECF Notification

12

13                        /s/  Esha Bandyopadhyay

14                        Esha Bandyopadhyay
Paul J. Andre
15                        PERKINS COIE LLP

16                        /s/  Jeremy E. Roller

17                        Scott T. Wilsdon (*pro hac vice*)
Jeremy E. Roller (*pro hac vice*)
18                        YARMUTH WILSDON CALFO PLLC

19                        Attorneys for Plaintiff **MICROSOFT
CORPORATION**

20

21

22

23

24

25

26

JOINT CASE MANAGEMENT PLAN
NO. 07-CV-01840-CW – Page 10

425.26 hf263701 7/20/07