Paul J. Andre (Bar No. 196585)
pandre@perkinscoie.com
Esha Bandyopadhyay (Bar No. 212249)
bande@perkinscoie.com
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, California 94025-1114
Phone: (650) 838-4370
Fax: (650) 838-4350

Scott T. Wilsdon (pro hac vice)
wilson@yarmuth.com
Jeremy E. Roller (pro hac vice)
jroller@yarmuth.com
Yarmuth Wilsdon Calfo PLLC
925 Fourth Avenue, Suite 2500
Seattle, Washington 98104
Phone: (206) 516-3800
Fax: (206) 516-3888

Attorneys for Plaintiff
MICROSOFT CORPORATION

**FILED**

**NOV 6 – 2007**

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>INTRAX GROUP, INC., d/b/a, SURPLUS COMPUTERS, a California corporation; MICHAEL MAK, an individual; and JOHN DOES 1-5,<br><br>                    Defendants. | No. 07-CV-01840-CW<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |

IT IS HEREBY STIPULATED and agreed by and between counsel for Plaintiff Microsoft Corporation ("Microsoft") and Defendant Michael Mak ("Mak") that the terms and conditions of this Stipulated Protective Order shall be entered as follows:

1.    This Stipulated Protective Order shall be applicable to and govern all depositions, documents produced in response to requests for production of documents,

STIPULATED PROTECTIVE ORDER
NO. 07-CV-01840- – Page 1

answers to interrogatories, responses to requests for admissions and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as all documents produced by either party in response to informal discovery requests, and testimony adduced at trial, matters in evidence and computerized records (collectively, "RECORDS") which the disclosing party designates as "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL" hereafter furnished, directly or indirectly, by or on behalf of any party in connection with this action.

2.    In designating RECORDS as "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL," a party shall make such a designation of CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL only for RECORDS which that party in good faith believes (i) contain trade secret or other confidential, competitive or proprietary business information used by it in, or pertaining to, its business which the party takes appropriate efforts to keep confidential, (ii) contain confidential personal or financial information which the party takes appropriate steps to keep confidential, or (iii) contain other information which the party is otherwise required to keep confidential by agreement or law.  For a designation of RECORDS as "RESTRICTED MATERIAL," the party must additionally believe in good faith that the RECORDS must be protected from disclosure to the parties themselves in this litigation and must be subject to the restricted disclosure provided for below. CONFIDENTIAL MATERIAL and RESTRICTED MATERIAL shall be used solely for the purpose of conducting this litigation and not for any other purpose.

3.    RECORDS designated as CONFIDENTIAL MATERIAL may be disclosed only to the following persons:

    a.    the attorneys working on this action on behalf of any party, including in-house attorneys;

    b.    any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel;

c.    any parties to this action who are individuals, and the employees, directors or officers of parties to this action who are corporations or partnerships, to the extent necessary to further the interest of the parties in this litigation;

d.    any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 3(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

e.    any witnesses who appear for deposition or trial in this matter, during the course of their testimony, upon the witness being advised of the need and agreeing to keep the RECORDS confidential; and

f.    the Court.

4.    RECORDS designated as "RESTRICTED MATERIAL" may be disclosed only to the following persons:

a.    the attorneys working on this action on behalf of any party, including in-house attorneys;

b.    any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel, with disclosure only to the extent necessary to perform their work in connection with this matter;

c.    any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 4(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

d.    any witnesses who appear for deposition or trial in this matter, during the course of their testimony, upon the witness being advised of the need and agreeing to keep the RECORDS confidential; and

e.    the Court.

5.    The persons described in paragraphs 3(d) and 4(c) shall have access to the CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL once they have been made

aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a copy of the annexed "ACKNOWLEDGMENT." A list shall be prepared by counsel for the parties hereto of the names of all such persons to whom CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL is disclosed, or to whom the information contained therein is disclosed, and such list shall be available for inspection by the Court and opposing counsel upon request. The other persons described in paragraphs 3 and 4 shall have access to the CONFIDENTIAL MATERIAL and RESTRICTED MATERIAL pursuant to the terms of this Order without signing a copy of the annexed "ACKNOWLEDGEMENT." Similar but separate lists shall also be prepared with respect to CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL provided by third parties. At the time of the termination of this lawsuit by settlement, judgment or otherwise, the parties hereto shall provide other counsel with a copy of the pertinent aforementioned lists upon request. The persons receiving CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL are enjoined from disclosing it to any other person, except in conformance with this Order. This Stipulation will not require the disclosure of experts other than by Local Rule, Federal Rule of Civil Procedure, and/or Court Order.

6.     Each individual who receives any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

7.     The recipient of any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL that is provided under this Order shall maintain such RECORDS in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such RECORDS as is exercised by the recipient with respect to its own proprietary information.

8.     Parties shall designate CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL as follows:

a.      In the case of RECORDS produced pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, interrogatory answers, responses to requests for admissions, and the information contained therein, designation shall be made by placing the following legend on any such RECORD prior to production: "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL." In the event that a party inadvertently fails to stamp or otherwise designate a RECORD as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL at the time of its production, that party shall have five (5) business days after discovery of such error to so stamp or otherwise designate the RECORD.

b.      In the case of depositions, designation of the portion of the transcript (including exhibits) which contains CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript by counsel for the party to whose CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL the deponent has had access, said counsel shall designate within fourteen (14) days after counsel's receipt of the transcript.

c.      Transcripts of depositions will not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, or other matters. If a deposition transcript is filed and if it contains CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL, the transcript shall bear the appropriate legend on the caption page and shall be filed under seal.

9.      A party shall not be obligated to challenge the propriety of a CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing party written notice of its disagreement with the designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the

dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court, but in any event, such relief from the Court shall not be requested before ten (10) days after the producing party is served with the required notice. The burden of proving that RECORDS have been properly designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL shall be on the party making such designation.

10.    The Clerk of the Court is directed to maintain under seal all RECORDS and all transcripts of deposition testimony filed with this Court in this litigation by any party which are, in whole or in part, designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL, including all pleadings, deposition transcripts, exhibits, discovery responses or memoranda purporting to reproduce or paraphrase such RECORDS. The person filing such RECORDS shall designate to the Clerk that all or a designated portion thereof is subject to this Order and is to be kept under seal, except that upon the default of the filing party to so designate, any party may do so.

11.    In the event that any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL is used in any court proceedings in connection with this litigation, it shall not lose its CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

12.    Nothing in this order shall preclude any party to the lawsuit, their attorneys or any other person from disclosing or using, in any manner or for any purpose, any RECORDS not obtained in this lawsuit, if such RECORDS are lawfully obtained from a third party, even though the same RECORDS may have been produced in discovery in this lawsuit and designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL.

13.    Nothing in this order shall preclude any party to the lawsuit or their attorneys (a) from showing RECORDS designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL to an individual who either prepared or reviewed the RECORDS prior to the filing of this action, or (b) from disclosing or using, in any manner or for any

STIPULATED PROTECTIVE ORDER
NO. 07-CV-01840- – Page 6

1  purpose, RECORDS from the party's own files which the party itself has designated as

2  CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL.

3      14.    Within sixty (60) days of the termination of litigation between the parties, all

4  CONFIDENTIAL MATERIAL and RESTRICTED MATERIAL, and all copies thereof,

5  except such copies which have been filed with the Court, utilized in accordance with this

6  Order, or which are and will continue to be maintained in a secure place pursuant to the

7  continuing obligations of this Order, shall be returned to the party which produced it or shall

8  be destroyed.

9      15.    Except as specifically provided herein, the terms, conditions and limitations of

10  this Order shall survive the termination of this action at the option of the designating party.

11      16.    This Order is without prejudice to the right of any party to seek relief from the

12  Court, upon good cause shown, from any of the provisions contained in paragraphs 1 through

13  13, inclusive hereof.

14

15

16  /

17

18

19

20

21

22

23

24

25

26

27

28

1  DATED this 2nd day of November, 2007

2

3

4  PERKINS COIE LLP                    LAW OFFICES OF STEVEN A. DILLICK

5  By:___/s/ Esha Bandyopadhyay___     By:___/s/ Steven A. Dillick___
       Paul J. Andre (Bar No. 196585)        Steven A. Dillick (Bar No. 111419)
6      Esha Bandyopadhyay (Bar No. 212249)  One Maritime Plaza, Suite 1040
   101 Jefferson Drive                 San Francisco, California 94111
7  Menlo Park, California 94025-1114   Phone: (415) 399-8777
   Phone: (650) 838-4370               Fax: (415) 399-8778
8  Fax: (650) 838-4350                 Email: sdillick@ix.netcom.com
   Email: pandre@perkinscoie.com
9        bande@perkinscoie.com         Attorney for Defendants Intrax Group, Inc.
10                                     d/b/a Surplus Computers and Michael Mak

11 OF COUNSEL:

12 YARMUTH WILSDON CALFO PLLC

13 By:___/s/ Scott T. Wilsdon___
14     Scott T. Wilsdon (*pro hac vice*)
       Jeremy E. Roller (*pro hac vice*)
15 925 Fourth Avenue, Suite 2500
   Seattle, Washington 98104
16 Phone: (206) 516-3800
17 Fax: (206) 516-3888
   Email: wilsdon@yarmuth.com
18        jroller@yarmuth.com

19
   Attorneys for Plaintiff Microsoft
20 Corporation

21

22 *But See Local Rule 79-5.*

23 IT IS SO ORDERED:

24 Dated: _____, 2007

25      NOV 0 6 2007

26                                     _____
                                       United States District Court Judge
27

28

# A C K N O W L E D G E M E N T

The undersigned hereby acknowledges that he/she has read the PROTECTIVE

ORDER which was entered by the Court on _____, 2007, in *Microsoft Corp. v.*

*Intrax Group, Inc., et al.*, Case No. 07-CV-01840-CW, that he/she is one of the persons

contemplated in paragraph 3 and 4 thereof as authorized to receive disclosure of RECORDS

designated CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL by any of the

parties or by third parties, and that he/she fully understand and agrees to abide by the

obligations and conditions of the Protective Order.  The undersigned further consents to be

subject to the jurisdiction of the United States District Court for the Northern District of

California for purposes of any proceedings relating to performance under, compliance with or

violation of the above-described Order.

_____

Dated: _____, 200__

STIPULATED PROTECTIVE ORDER
NO. 07-CV-01840- – Page 9

425.26 hj191501 11/2/07