# EXHIBIT 2

**Entered on Docket**
**March 20, 2008**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

MAR 0 3 2008

1    Esha Bandyopadhyay, Bar No. 212249
     EBandyopadhyay@perkinscoie.com
2    Douglas R. Pahl (pro hac vice)
     DPahl@perkinscoie.com
3    PERKINS COIE LLP
     101 Jefferson Drive
4    Menlo Park, CA 94025-1114
     Telephone: 650.838.4300
5    Facsimile: 650.838.4350

6    Jeremy E. Roller (pro hac vice)
     jroller@yarmuth.com
7    Yarmuth Wilsdon Calfo PLLC
     925 Fourth Avenue, Suite 2500
8    Seattle, Washington 98104
     Phone: (206) 516-3800
9    Fax: (206) 516-3888

10   Attorneys for Creditor Microsoft
     Corporation

IT IS SO ORDERED.
Signed: 3-20-08

ROGER L. EFREMSKY
U.S. Bankruptcy Judge

FILED

MAR 2 0 2008
CLERK
United States Bankruptcy Court
San Jose, California

11

12                  UNITED STATES BANKRUPTCY COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14

15   In re                              CASE NO. 07-52783 RLE

16   INTRAX GROUP, INC.,                Chapter:

17              Debtor.                  ORDER GRANTING MICROSOFT
                                         CORPORATION'S MOTION FOR
18                                       PRODUCTION OF DOCUMENTS
                                         PURSUANT TO FRBP 2004
19

20

21       THIS MATTER having come before the Court on the Motion of Creditor Microsoft

22   Corporation ("Microsoft") for an order directing Debtor Intrax Group, Inc. ("Intrax") to produce

23   certain documents pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure; now,

24   therefore

25       IT IS HEREBY ORDERED that Intrax shall produce for inspection and copying at the

26   offices of Perkins Coie LLP, 101 Jefferson Drive, Menlo Park, California 94025-1114, the

27

28

1 | documents described in Exhibit A attached hereto on or before ~~March 22~~ *April 14*, 2008, or at such

2 | different date and place as is mutually agreed between the parties prior to such date.

3 | ** END OF ORDER**

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

Unless otherwise indicated, the requests for production relate to documents and information from January 1, 2004, to the present.

1. All documents (including, without limitation, sales invoices, receipts, purchase orders, or shipping service records) that refer or relate to distribution or sales by Intrax of any Microsoft items to any person or company.

2. All documents (including, without limitation, sales invoices, receipts, purchase orders, or shipping service records) that refer or relate to the distribution or sales by any person or company of any Microsoft items to Intrax.

3. To the extent not duplicative of a previous request, all documents sufficient to discern the prices at which Intrax acquired and/or distributed Microsoft items.

4. To the extent not duplicative of a previous request, any agreement or contract that relates to Intrax's acquisition and/or distribution of Microsoft items.

5. All documents that relate to any advertisements and/or promotional materials produced or otherwise created by or for Intrax related to Intrax's inventory of, or offers for distribution of, Microsoft items.

6. Intrax's balance sheets and financial statements (both audited and unaudited), including without limitation any supporting documents for those balance sheets and financial statements, covering the period from 2004 to the present.

7. Intrax's federal income tax returns and state tax returns for the years 2004 through the present.

8. All documents that relate to any licensing agreements or other agreements in effect at any time between Intrax and Microsoft that allegedly cover or otherwise give Intrax the right to distribute any Microsoft items.

9. All correspondence that Intrax has received from Microsoft including, but not limited to, warning letters, cease and desist letters, and system builder mailings.

10. One electronic copy of each computer database, computer spreadsheet, and/or computer data file that relates to or records Intrax's acquisition or distribution of Microsoft items.

1        11.     The articles of incorporation, bylaws, and organizational minutes of Intrax Group,

2  Inc.

3        12.     All organizational charts and lists of employees of Intrax Group, Inc.

4        13.     All documents that relate to complaints regarding or returns of Microsoft software

5  distributed by Intrax.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT SERVICE LIST

Counsel for Debtor
Kenneth Bauer
Law Offices of Kenneth Bauer
500 Ygnacio Valley Rd. #300
Walnut Creek, CA 94596

Counsel for Debtor
David J. Cook
Cook, Perkiss and Lew, APLC
333 Pine St. 3rd Fl.
San Francisco, CA 94104

Counsel for ASI Computer
Technologies, Inc.
David J. Cook, Esq.
Cook, Perkiss and Lew, APLC
P.O. Box 270
San Francisco, CA 94104

Jim Kalinski
ASI Corporation
48289 Fremont Blvd.
Fremont, CA 94538

American Express Travel Related Svcs. Co Inc. Corp Card
c/o Becket and Lee LLP
POB 3001
Malvern, PA 19355-0701

American Express Bank FSB
c/o Becket and Lee LLP
POB 3001
Malvern, PA 19355-0701

R. Frederick Linfesty
Iron Mountain Information
Management, Inc.
745 Atlantic Avenue
Boston, MA 02111

Counsel for Microsoft Corporation
Jeremy E. Roller
Yarmuth Wilsdon Calfo PLLC
924 Fourth Avenue
Seattle, WA 98104

1

2     Counsel for Microsoft Corporation
      Douglas R. Pahl
3     Perkins Coie LLP
      1120 N.W. Couch Street, 10th Floor
4     Portland, OR 97209

5     U.S. Trustee
      Office of the U.S. Trustee / SJ
6     U.S. Federal Bldg.
      280 S 1st St. #268
7     San Jose, CA 95113-3004

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

41826-5188/LEGAL13885987.1                    -2-                              ORDER

<u>EXHIBIT 3</u>

# YARMUTH WILSDON CALFO PLLC
### ATTORNEYS AT LAW

| | | |
|---|---|---|
| JEREMY ROLLER<br>DIRECT 206.516.3841<br>jroller@yarmuth.com | FOURTH & MADISON<br>925 FOURTH AVENUE, SUITE 2500<br>SEATTLE WASHINGTON 98104 | T 206.516.3800<br>F 206.516.3888<br>www.yarmuth.com |

June 3, 2008

**VIA E-MAIL (rkenbauer@comcast.net) and U.S. MAIL**

R. Kenneth Bauer
Law Offices of R. Kenneth Bauer
500 Ygnacio Valley Road, Suite 300
Walnut Creek, CA 94596

      Re:    *In re Intrax Group, Inc.*, Bankruptcy Case No. 07-52783

Dear Mr. Bauer:

      Thank you for sending me the documents that accompanied your letter dated May 16, 2008.

      We still do need the sales invoices for the Microsoft products distributed by Intrax, as ordered in Paragraph 1 of Exhibit A to the Order Granting Microsoft's Motion for Production of Documents (copy enclosed). You asked if I had any suggestions regarding that production. Are those documents available electronically? If so, production may be facilitated by putting them on a CD-ROM. If not, we will need to explore other options. Please let me know.

      You wrote that "Mr. Mak is still in the process of collecting further documents." As described above, I understand that the sales invoices reflecting Intrax's distribution of Microsoft products have not been produced. Will you please (i) let me know what other categories of documents listed on Exhibit A to the Court's order have not been produced and let me know when they will be produced, or (ii) for those categories for which there are no responsive documents, confirm that Intrax neither possesses nor controls any responsive documents.

      Thank you.

                      Sincerely,

                      Jeremy Roller

jr/jr
<u>encl.</u>

Exhibit **3** Page **1**

425.26 lf031501 6/3/08

March 20, 2008
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

MAR 0 3 2008

1    Esha Bandyopadhyay, Bar No. 212249
     EBandyopadhyay@perkinscoie.com
2    Douglas R. Pahl (pro hac vice)
     DPahl@perkinscoie.com
3    PERKINS COIE LLP
     101 Jefferson Drive
4    Menlo Park, CA 94025-1114
     Telephone: 650.838.4300
5    Facsimile: 650.838.4350

6    Jeremy E. Roller (pro hac vice)
     jroller@yarmuth.com
7    Yarmuth Wilsdon Calfo PLLC
     925 Fourth Avenue, Suite 2500
8    Seattle, Washington 98104
     Phone: (206) 516-3800
9    Fax: (206) 516-3888

10   Attorneys for Creditor Microsoft
     Corporation

11

IT IS SO ORDERED.
Signed: 3-20-08

ROGER L. EFREMSKY
U.S. Bankruptcy Judge

FILED

MAR 2 0 2008

United States Bankruptcy Court
San Jose, California
CLERK

12              UNITED STATES BANKRUPTCY COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14

15   In re                              CASE NO. 07-52783 RLE

16   INTRAX GROUP, INC.,                Chapter:

17              Debtor.                 ORDER GRANTING MICROSOFT
                                        CORPORATION'S MOTION FOR
18                                      PRODUCTION OF DOCUMENTS
                                        PURSUANT TO FRBP 2004
19

20

21          THIS MATTER having come before the Court on the Motion of Creditor Microsoft

22   Corporation ("Microsoft") for an order directing Debtor Intrax Group, Inc. ("Intrax") to produce

23   certain documents pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure; now,

24   therefore

25          IT IS HEREBY ORDERED that Intrax shall produce for inspection and copying at the

26   offices of Perkins Coie LLP, 101 Jefferson Drive, Menlo Park, California 94025-1114, the

27

28

41826-5188/LEGAL13885987.1                              [PROPOSED] ORDER

*April 14*

documents described in Exhibit A attached hereto on or before ~~March 22~~, 2008, or at such

different date and place as is mutually agreed between the parties prior to such date.

## ** END OF ORDER**

EXHIBIT A

Unless otherwise indicated, the requests for production relate to documents and information from January 1, 2004, to the present.

1.  All documents (including, without limitation, sales invoices, receipts, purchase orders, or shipping service records) that refer or relate to distribution or sales by Intrax of any Microsoft items to any person or company.

2.  All documents (including, without limitation, sales invoices, receipts, purchase orders, or shipping service records) that refer or relate to the distribution or sales by any person or company of any Microsoft items to Intrax.

3.  To the extent not duplicative of a previous request, all documents sufficient to discern the prices at which Intrax acquired and/or distributed Microsoft items.

4.  To the extent not duplicative of a previous request, any agreement or contract that relates to Intrax's acquisition and/or distribution of Microsoft items.

5.  All documents that relate to any advertisements and/or promotional materials produced or otherwise created by or for Intrax related to Intrax's inventory of, or offers for distribution of, Microsoft items.

6.  Intrax's balance sheets and financial statements (both audited and unaudited), including without limitation any supporting documents for those balance sheets and financial statements, covering the period from 2004 to the present.

7.  Intrax's federal income tax returns and state tax returns for the years 2004 through the present.

8.  All documents that relate to any licensing agreements or other agreements in effect at any time between Intrax and Microsoft that allegedly cover or otherwise give Intrax the right to distribute any Microsoft items.

9.  All correspondence that Intrax has received from Microsoft including, but not limited to, warning letters, cease and desist letters, and system builder mailings.

10. One electronic copy of each computer database, computer spreadsheet, and/or computer data file that relates to or records Intrax's acquisition or distribution of Microsoft items.

1      11.    The articles of incorporation, bylaws, and organizational minutes of Intrax Group,

2 Inc.

3      12.    All organizational charts and lists of employees of Intrax Group, Inc.

4      13.    All documents that relate to complaints regarding or returns of Microsoft software

5 distributed by Intrax.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

COURT SERVICE LIST

2

Counsel for Debtor
3   Kenneth Bauer
Law Offices of Kenneth Bauer
4   500 Ygnacio Valley Rd. #300
Walnut Creek, CA 94596
5

6   Counsel for Debtor
David J. Cook
7   Cook, Perkiss and Lew, APLC
333 Pine St. 3rd Fl.
8   San Francisco, CA 94104

9   Counsel for ASI Computer
10  Technologies, Inc.
David J. Cook, Esq.
11  Cook, Perkiss and Lew, APLC
P.O. Box 270
12  San Francisco, CA 94104

13

Jim Kalinski
14  ASI Corporation
48289 Fremont Blvd.
15  Fremont, CA 94538

16

American Express Travel Related Svcs. Co Inc. Corp Card
17  c/o Becket and Lee LLP
POB 3001
18  Malvern, PA 19355-0701

19

American Express Bank FSB
20  c/o Becket and Lee LLP
POB 3001
21  Malvern, PA 19355-0701

22  R. Frederick Linfesty
Iron Mountain Information
23  Management, Inc.
745 Atlantic Avenue
24  Boston, MA 02111

25

Counsel for Microsoft Corporation
26  Jeremy E. Roller
Yarmuth Wilsdon Calfo PLLC
27  924 Fourth Avenue
Seattle, WA 98104
28

41826-5188/LEGAL13885987.1                                    COURT SERVICE LIST

1

2      Counsel for Microsoft Corporation
       Douglas R. Pahl
3      Perkins Coie LLP
       1120 N.W. Couch Street, 10th Floor
4      Portland, OR 97209

5      U.S. Trustee
       Office of the U.S. Trustee / SJ
6      U.S. Federal Bldg.
       280 S 1st St. #268
7      San Jose, CA 95113-3004

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# YARMUTH WILSDON CALFO PLLC
### ATTORNEYS AT LAW

JEREMY ROLLER
DIRECT 206.516.3841
jroller@yarmuth.com

FOURTH & MADISON
925 FOURTH AVENUE, SUITE 2500
SEATTLE WASHINGTON 98104

T 206.516.3800
F 206.516.3888
www.yarmuth.com

June 27, 2008

**VIA E-MAIL (rkenbauer@comcast.net) and U.S. MAIL**

R. Kenneth Bauer
Law Offices of R. Kenneth Bauer
500 Ygnacio Valley Road, Suite 300
Walnut Creek, CA 94596

     Re:    *In re Intrax Group, Inc.*, Bankruptcy Case No. 07-52783

Dear Mr. Bauer:

     I sent you a letter dated June 3, 2008, reminding you that Microsoft still needed the invoices for the Microsoft products distributed by Intrax, as ordered in Paragraph 1 of Exhibit A to the Order Granting Microsoft's Motion for Production of Documents. I also asked that you (i) let me know what other categories of documents listed on Exhibit A to the Court's order have not been produced and let me know when they will be produced, or (ii) for those categories for which there are no responsive documents, confirm that Intrax neither possesses nor controls any responsive documents.

     Thank you for responding to my letter by email on June 12, 2008. In that email, you informed me that Mr. Mak told you that there were "pallets of boxes of invoices for the sale of all products going back for a certain time frame" and that Mr. Mak advised you "that the company sales information regarding tens of thousands of transactions is in the company computer system, and that he and his IT person are trying to determine how to export the information concerning Microsoft product sales without exporting everything." You also told me that Mr. Mak was preparing lists of the categories of documents still to be produced and categories of documents for which the company possesses no responsive documents.

     The company's production of documents, most importantly the sales documents, are well overdue. Microsoft has been very patient in waiting for those documents, which were due more than two months ago. Frankly, it appears that neither the company nor its owner and president, Mr. Mak, are taking these obligations seriously. If these documents are not provided by Thursday, June 3, Microsoft will file an appropriate motion with the Court.

     On Wednesday of this past week I took Mr. Mak's deposition in the district court matter. In that deposition he testified that Intrax possessed electronic records of its acquisition of

Exhibit 3  Page 8

R. Kenneth Bauer
June 27, 2008
Page 2

Microsoft products, which are responsive to Paragraph 2 of Exhibit A of the Court's Order Granting Microsoft's Motion for Production of Documents, that were not produced in mid-May. Mr. Mak testified that he was under "time pressure" to produce the records of acquisition, and that not all may have been produced.  Please produce by June 3 whatever additional documents there may be relating to Intrax's acquisition of Microsoft products from January 1, 2004, to the present, or confirm that there are no such additional responsive documents.

     Thank you.

                              Sincerely,

                              Jeremy Roller

jr/jr

425.26 lf271502 6/27/08

Exhibit 3  Page 9

# EXHIBIT 4

**Deborah Johnson**

| | |
|---|---|
| **From:** | rkenbauer@comcast.net |
| **Sent:** | Thursday, July 03, 2008 5:29 PM |
| **To:** | Jeremy Roller |
| **Subject:** | Re: In re Intrax |

Jeremy:

Mike Mak has advised me that Intrax is in the process of printing out all sales invoices for Microsoft items.  He stated that he had to hire a programmer to come in and figure out how to print just those invoices, and that they have been printing for hours.  He stated that they will finish printing today, and that he will ship them directly to you on Monday, 7/7.  He will also provide me with a list of the documents which Intrax does not posses, which I will forward to you on Monday.

Thank you for your patience.  Have a nice weekend

Ken Bauer

Exhibit **4**  Page **1**

**Deborah Johnson**

| | |
|---|---|
| **From:** | rkenbauer@comcast.net |
| **Sent:** | Tuesday, July 08, 2008 4:33 PM |
| **To:** | Jeremy Roller |
| **Subject:** | In re Intrax |

Jeremy:

Mike Mak has advised me that there was a glitch in the programming they had done to print out all of the Intrax invoices for the sale of Microsoft products, of which there are thousands.  They had hoped to have it all done by now, but it isn't, and the printing is proceeding slowly.  He will be sending you everything printed out each day, until they have completed the required printing.

Thanks again for your patience.

Ken

Exhibit 4  Page 2

# EXHIBIT 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICROSOFT CORPORATION,

      Plaintiff,

  v.

EEE BUSINESS INC., d/b/a
EBUSZONE.COM and EBZ EBZ; MING NO
SHANG; LIFENG WANG, a/k/a ALICE
WANG; NANCY LINKER; and DOES 1-5,

      Defendants.

_____/

No. C 07-01839 JSW

**ORDER GRANTING MOTION
FOR PARTIAL SUMMARY
JUDGMENT**

     Now before the Court is the motion for partial summary judgment filed by Plaintiff

Microsoft Corporation ("Microsoft") against defendant Lifeng Wang, a/k/a Alice Wang

("Wang") for dismissal of claims one through four of the complaint for damages and injunctive

relief. Having carefully considered the parties' papers, oral argument, and the relevant legal

authority, the Court hereby GRANTS Microsoft's motion for partial summary judgment.

**BACKGROUND**

     Defendant Wang was previously arrested for selling counterfeit Microsoft software,

conduct which resulted in her prosecution, a sentence of two months in prison and an order to

pay restitution in the amount $93, 611. (*See* Declaration of Deborah M. Johnson "(D. Johnson

Decl."), Ex. 1, Wang Tr. Ex. 7.) Wang was also civilly sued by Microsoft for copyright

infringement and defendant settled that action in June 2006 for a large payment and her

agreement to refrain from further acts of infringement. (*See id.*, Wang Tr. Exs. 8, 9.)

Exhibit **5**  Page **1**

1    Despite this prior conduct, Microsoft alleges in this lawsuit that defendant Wang is

2    again liable for infringing its copyrighted works by setting up and running EEE Business, an

3    on-line business that sold infringing Microsoft products. (*See id.,* Wang Tr. 28:19-29:2, 46:9-

4    25, 60:5-17, 61:11-62:7, 70:21-71:15, 74:5-17, 76:8-77:15, 112:17-113:11, 114:19-116:10,

5    130:17-25, 132:21-133:24; Exs. 18, 36, 38.) Wang set up many aspects of the business

6    enterprise, including leasing office space, renting a mail box used by the business, opening and

7    managing tow Bank of America bank accounts for the business, opening and running a PayPal

8    account for the business, and applying for a credit card merchant account. (*See id.,* Wang Tr.

9    119:21-120:23, 58:11-60:4, 69:7-70:25, 81:21:82:1, 63:21-64:14, 112:17-113:11; Exs. 39, 36,

10   18, 19, 26, 17.) Wang performed these acts by holding herself out as an officer, manager, and

11   majority shareholder of EEE Business. (*See id.,* Wang Tr. 96:15-98:1, 100:5-9, 112:17-113:11,

12   115:11-116:10, 119:21-120:9; Exs. 32-33, 36, 38-29.)

13       Defendants' infringing activities came to the attention of law enforcement and on May

14   16, 2007, United States Probation arrested Wang for multiple violations of her supervised

15   release. (*See id.,* Wang Tr. 122:20-124:25; Ex. 40.) Law enforcement searched her home and

16   seized infringing Microsoft software worth $106,145. (*See id.,* Wang Tr. 125:15-25; Ex. 42.)

17   She was returned to prison and faces deportation for her trafficking in counterfeit Microsoft

18   products. (*See id.,* Wang Tr. 123:4-7, 37:7-38:5, 40:23-41:1; Ex. 40.)

19       Microsoft and its partners distribute software called Student Media through special

20   academic programs to provide low cost software to students currently enrolled in kindergarten

21   through twelfth grade. (Complaint at ¶ 14.) Microsoft distributes the program to students in the

22   United States and abroad, and imposes geographical restrictions on its distribution. (*Id.* at ¶¶

23   14, 16.) In addition, only certain resellers who are specially trained and authorized may

24   distribute Student Media to qualified education users. (*Id.* at ¶ 15.) Microsoft also develops,

25   distributes and licenses other software packages, including Microsoft Windows XP, an

26   operating system, and Microsoft Office 2003, a suite of popular Microsoft software programs.

27   (*Id.* at ¶¶ 17-18.)

28

United States District Court
For the Northern District of California

Exhibit 5 Page 2

**United States District Court**

For the Northern District of California

1    Microsoft brought this civil action against defendant Wang, EEE Business, and a few

2   individuals for unauthorized importation into the United States of Microsoft Student Media

3   software that was manufactured and licensed for use abroad, and distributing Student Media to

4   individuals and entities not qualified to use the software, without approval or authorization. (*Id.*

5   at ¶ 19.) On six separate occasions, investigators hired by Microsoft placed orders for various

6   Microsoft software products and, upon receipt, determined that the products were infringing on

7   its exclusive copyrights.

8    Microsoft brings this motion for partial summary judgment to establish liability by

9   defendant Wang for copyright infringement, infringing importation of copyrighted works,

10   violation of the Digital Millennium Copyright Act and violation of the Anti-Counterfeiting

11   Amendments Act.

12                                **ANALYSIS**

13   **A.    Legal Standard for Motions for Summary Judgment.**

14    A court may grant summary judgment as to all or a part of a party's claims. Fed. R. Civ.

15   P. 56(a). Summary judgment is proper when the "pleadings, depositions, answers to

16   interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

17   genuine issue as to any material fact and that the moving party is entitled to judgment as a

18   matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is sufficient evidence

19   for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*,

20   477 U.S. 242, 248-49 (1986). A fact is "material" if the fact may affect the outcome of the case.

21   *Id.* at 248. "In considering a motion for summary judgment, the court may not weigh the

22   evidence or make credibility determinations, and is required to draw all inferences in a light

23   most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir.

24   1997).

25    A principal purpose of the summary judgment procedure is to identify and dispose of

26   factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). The

27   party moving for summary judgment bears the initial burden of identifying those portions of the

28   pleadings, discovery, and affidavits which demonstrate the absence of a genuine issue of

Exhibit **5** Page **3**

United States District Court

For the Northern District of California

1    material fact. *Id.* at 323. Where the moving party will have the burden of proof on an issue at

2    trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for

3    the moving party. *Id.* Once the moving party meets this initial burden, the non-moving party

4    must go beyond the pleadings and by its own evidence "set forth specific facts showing that

5    there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-moving party must "identify

6    with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*,

7    91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251

8    (7th Cir. 1995)) (stating that it is not a district court's task to "scour the record in search of a

9    genuine issue of triable fact"). If the non-moving party fails to make this showing, the moving

10    party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

11          **B.    Legal Standard for Counts Microsoft Moves Upon.**

12          Pursuant to Federal Rule of Civil Procedure 56, Microsoft seeks summary judgment as

13    to defendant Wang's liability for (1) copyright infringement pursuant to 17 U.S.C. § 501; (2)

14    unauthorized importation of copyrighted works pursuant to 17 U.S.C. § 602(a); (3)

15    unauthorized distribution of product keys pursuant to 17 U.S.C. § 1201(a)(2); and (4)

16    trafficking in counterfeit volume license key labels pursuant to 18 U.S.C. § 2318(a).

17          The Copyright Act grants the copyright owner several exclusive rights, including the

18    exclusive right to distribution. 17 U.S.C. § 106(3). In addition, the Copyright Act provides that

19    it is an unlawful infringement of a copyright owner's rights to import into the United States

20    copyrighted works acquired abroad without the copyright owner's authority. 17 U.S.C. §

21    602(a). To establish a claim for copyright infringement, a plaintiff need only show that (1) it

22    owns valid copyrights in the works at issue, and (2) defendant encroached upon plaintiff's

23    exclusive rights under the Copyright Act. 17 U.S.C. § 501; *see also Feist Publications, Inc. v.*

24    *Rural Tel. Service Co.*, 499 U.S. 340, 361 (1991).

25          The Copyright Act further protects a copyright owner's exclusive right of distribution by

26    prohibiting the importation into the United States of a copyrighted work that was acquired

27    outside the United States unless the copyright owner grants specific authority to do so. 17

28    U.S.C. § 602(a) ("Importation into the United States, without authority of the owner of

4

Exhibit 5 Page 4

1    copyright under this title, of copies or phonorecords of a work that have been acquired outside

2    the United States is an infringement of the exclusive rights to distribute copies or phonorecords

3    under section 106, actionable under section 501.").

4         Federal law also prohibits trafficking in "counterfeit or illicit" labels affixed or designed

5    to be affixes to copies of computer programs. 18 U.S.C. § 2318(a). Moreover, the Digital

6    Millennium Copyright Act ("DCMA") prohibits the distribution of items (a) primarily designed

7    or produced for the purpose of circumventing technological measures that effectively control

8    access to a copyrighted work, (b) have only a limited commercially significant purpose or use

9    other than to circumvent such technological measures, or (c) are marketed for use in

10   circumventing such technological measures. 17 U.S.C. § 1201(a)(2). In conjunction, these

11   federal statutes provide copyright owners protection against unauthorized users or distributors

12   who attempt to circumvent security features designed to protect access to the copyrighted work.

13   *See, e.g., 321 Studios v. MGM Studios, Inc.*, 307 F. Supp. 2d 1085, 1099 (N.D. Cal. 2004)

14   (holding that software used to circumvent encryption features used by copyright owner to

15   protect unauthorized access to its DVDs key violates 17 U.S.C. § 1201(a)(2)).

16         **C.    Wang's Declaration Does Not Establish Liability for Direct Infringement.**

17         Microsoft contends that Defendant EEE Business, Inc.'s distribution of Microsoft

18   Student Media software to other than qualified educational users violates Microsoft's exclusive

19   right of distribution under the Copyright Act, and that defendant Wang, as an instrumental part

20   of that organization, is similarly liable. Microsoft argues that the test purchases of the software

21   from EEE Business establishes that the company plainly infringed on Microsoft's copyrights

22   and that defendant Wang was actively engaged in and directly caused such infringement.

23   Microsoft contends that Wang's participation included leasing the Santa Clara office space for

24   the company, renting the private mail box in Milpitas, opening the PayPal account, opening

25   company accounts at Bank of America, applying for a credit card merchant account, preparing

26   an application to be a reseller with a company called Micro, purchasing telephone equipment,

27   and hiring a public accountant.

28

United States District Court
For the Northern District of California

5

Exhibit 5 Page 5

1    On the lease for the office space, Wang identified herself as "President" of EEE

2    Business and provided a personal guaranty of the company's rental obligation. (*See* D. Johnson

3    Decl., Ex. 1, Wang Tr. Ex. 39.) Wang signed the rental agreement for the mail box on behalf of

4    EEE Business and the mail box was used by the business in the sales of infringing software to

5    Microsoft's investigators. (*See id.,* Wang Tr. Ex. 14; Exs. 11, 12; ¶¶ 10-11, 20-21, Wang Exs.

6    3-4, 8-9; Wang Tr. Exs 19, 26.) The PayPal account is in Wang's name and lists her personal

7    information, including her residence, cellular telephone number and credit card numbers. (*See*

8    *id.,* Wang Tr. Ex. 17.) The PayPal account processed $1,400,199.08 in revenues for EEE

9    Business. (*See id.*) The Bank of America accounts list both Wang's private residence and the

10    Milpitas mail box as account addresses, Wang had signature authority over both accounts and

11    signed the checks drawn on both accounts. (*See id.,* Wang Tr. 71:12-15, 72:13-16, Ex. 19;

12    Wang Tr. 81-21-82:1, Ex. 26; Wang Tr. 76:8-77:10, Ex. 18.) On the application for the credit

13    card merchant account, Wang lists herself as "President" of EEE Business and identifies herself

14    as the majority owner of the company. (*See id.,* Wang Tr. Ex. 36.) On the reseller application

15    form, Wang listed herself as "President" of EEE Business and claimed to own 90 percent of the

16    company. (*See id.,* Wang Tr. Ex. 38.) On the forms to purchase the telephone equipment,

17    Wang again listed herself as "President" and "Manager" of EEE Business. (*See id.,* Wang Tr.

18    Ex. 32.) Wang represented herself as "Manager" of EEE Business on the engagement letter for

19    a CPA she met with for the purpose of preparing tax and other financial information for the

20    company. (*See id.,* Wang Tr. 100:5-9, Ex. 33.) In addition, the uncontroverted evidence

21    demonstrates that Wang withdrew over $470,000 form the two accounts. (*See id.,* Wang Tr.

22    87:7-90:23, 91:9-94:7, Exs. 29, 30.) Lastly, Wang held herself out as the "C.E.O." of EEE

23    Business on her business card. (*See id.,* Wang Tr. Ex. 4.)

24    However, in her declaration in opposition to the pending motion for partial summary

25    judgment, Wang states that she was only involved in setting up the infrastructure of the

26    company and the business service providers required that she represent that she was either a

27    manager, president or CEO and/or that she had a controlling interest in the corporation.

28    (*See* Declaration of Lifeng Wang in opposition to motion for partial summary judgment ("Wang

Exhibit 5 Page 6

1  Decl."), ¶ 10.) Although Wang does not dispute that she represented herself as the president

2  and manager to various providers, she states that she was not actually the manager, and that she

3  was "just setting up the infrastructure for the corporation to conduct business." (*Id.*, ¶ 44.)

4      Microsoft contends that summary judgment should still be granted on the basis that

5  Wang encroached upon Microsoft's exclusive and valid copyright rights. *See* 17 U.S.C. § 501.

6  Microsoft argues that this Court should consider Wang's declaration to be a "sham affidavit,"

7  that fails to satisfy the admissible evidence requirement under Federal Rule of Civil Procedure

8  56(e) and should therefore be disregarded. Microsoft contends that considering the

9  uncontroverted evidence that Wang is a convicted seller of counterfeit and infringing Microsoft

10  software, that similar software was found in her residence during her supervised release and that

11  she represented multiple times that she was a president or manager of the company, her

12  affidavit in defense of their motion should be disregarded as incredible.

13      Under the Seventh Circuit's holding in *Seshadri v. Kasraian*, 130 F.3d 798, 802 (7th

14  Cir. 1997), the court held that although a court ordinarily does not make credibility findings at

15  summary judgment, "testimony can and should be rejected without a trial if, in the

16  circumstances, no reasonable person would believe it." However, under Ninth Circuit

17  authority, this Court is bound to accept direct evidence of the central facts in dispute at

18  summary judgment, even where the Court finds that no reasonable jury would believe it. *Leslie*

19  *v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999). Although the Court questions the veracity

20  of the declaration considering the rest of the evidence in the record, Wang explained that she

21  lied to all service providers about her status in the company because it was only she who could

22  set up the EEE Business accounts. (*See* Wang Decl., ¶¶ 10, 44.) Under prevailing Ninth Circuit

23  law, the Court is bound to accept the truth of Wang's declaration at summary judgment and

24  therefore cannot find that she is directly liable for copyright infringement on this basis.

25      **D.    Defendant's Admissions Establish Liability.**

26      On November 30, 2007, Microsoft issued its first set of Requests for Admission. (*See*

27  D. Johnson Decl., Ex. 2.) Although Wang was represented by counsel at the time, Wang did

28  not respond to the Admissions. In her declaration filed in support of her opposition, Wang

United States District Court
For the Northern District of California

7

Exhibit **S** Page **7**

1  contends that she never admitted to the admissions and, although her previous attorney was

2  served with the Requests for Admissions, that attorney never forwarded the requests to her

3  current attorney. (*See* Wang Decl., ¶¶ 46-48.) Wang states that her new attorney was never

4  informed by Microsoft of the outstanding discovery. (*See id.*, ¶ 49.) However, it is clear from

5  Microsoft's submissions on reply that Microsoft repeatedly informed Wang's new attorney of

6  the outstanding Requests for Admission and of the deadline to answer. On December 7, 2007,

7  the day after Wang's current attorney was retained, Microsoft sent counsel a letter outlining the

8  discovery requests that had been made to date and specifically notified counsel of the

9  impending January 2, 2008 deadline for answers for the first set of Requests. (*See* Declaration

10  of Scott T. Wilsdon, ¶ 2.) On December 27, 2007, Microsoft again notified Wang's new

11  counsel of the January 2, 2008 deadline to answer the pending Requests. (*See id.*, ¶ 4, Ex. 3.)

12  In addition, as of March 10, 2008 when Microsoft filed its opening brief of the motion for

13  partial summary judgment premised, in part, on Wang's admissions by failure to respond to the

14  Requests, Wang has had notice of her failure to answer the Requests. Although there is some

15  mention of her intention to file a motion to withdraw the admissions in the parties' joint case

16  management statement filed before this Court and although defendants' counsel was queried at

17  oral argument about filing such a motion, to date, no such motion has been filed.

18      Pursuant to Federal Rule of Civil Procedure 36(a)(3), a "matter is deemed admitted

19  unless, within 30 days after service of the request ... the party to whom the request is directed

20  serves upon the party requesting the admission a written answer or objection addressed to the

21  matter, signed by the party or by the party's attorney." Further, a "matter deemed admitted

22  under this rule is conclusively established unless the court, on motion, permits the admission to

23  be withdrawn." Fed. R. Civ. P. 36(b); *see also Conlon v. United States*, 474 F.3d 616, 622 (9th

24  Cir. 2007). Because there is no motion to withdraw the admissions, and the determination

25  whether to grant such a motion is discretionary, the Court deems those matters admitted.

26      Accordingly, Wang is deemed to have admitted that the test purchases from Microsoft's

27  investigators conclusively establish that Wang was responsible for infringing Microsoft Student

28  Media and Volume License Media software. (Declaration of Tamara Johnson ("T. Johnson

United States District Court
For the Northern District of California

8

Exhibit 5 Page 8

**United States District Court**
For the Northern District of California

1   Decl."), ¶¶ 8-10, 15, 20-21.)  Defendants' distribution of Microsoft software to other than

2   qualified users violates Microsoft's exclusive right to distribution under the Copyright Act.  *See*

3   17 U.S.C. §§ 106(3), 501(a).  The evidence from the six test purchases of Microsoft software

4   establishes that defendant Wang distributed Student Media versions of Microsoft Window XP

5   as well as Microsoft Volume License software and deposited the revenues into the EEE

6   Business operating account.  (*See* T. Johnson Decl., ¶¶ 8-11, 19-21, Exs. 1-4, 8-9; Wang

7   Admissions at 4, 5, Nos. 1-6.)  This distribution of software without authorization plainly

8   violates Microsoft's exclusive right to distribution under 17 U.S.C. § 501.  Accordingly, the

9   undisputed facts establish that defendant Wang is liable for infringement of Microsoft's

10   copyrights.

11        Wang's admissions regarding the test purchases further establish that defendants import

12   and/or distribute Microsoft software manufactured and licensed for distribution abroad.  Section

13   602(a) of the Copyright Act provides that "[i]mportation into the United States, without the

14   authority of the owner of copyright under this title, of copies ... of a work that have been

15   acquired outside the United States is an infringement of the exclusive right to distribute copies

16   ... under section 106, actionable under section 501."  17 U.S.C. § 602(a).  The evidence in the

17   record establishes that the Student Media software was imported and distributed within the

18   United States without Microsoft's authority and that defendants were not authorized to import

19   or export to the United States software that was licensed for distribution abroad.  (*See* T.

20   Johnson Decl., ¶ 14.)  In addition, the discs were clearly marked "Not for Resale."  (*See id.*, ¶¶

21   8-11, Exs. 1-4.)  Defendants' importation to the United States of software manufactured and

22   licensed for exclusive use abroad is a plain violation of 17 U.S.C. § 602(a).  Accordingly, the

23   undisputed facts establish that defendant Wang is liable for infringing importation of

24   Microsoft's copyrighted works.

25        Lastly, among the works defendant Wang sold to Microsoft's outside investigators were

26   software only available under a Volume License Agreement.  This agreement permitted only

27   authorized licensees to install software to unlock the media programming to enable the user to

28   enter a 25-character alphanumeric code – the Volume License Key – which is unique to the

Exhibit 5 Page 9

1   licensee and required to be kept confidential under the terms of the Volume License Agreement.

2   (*See id.*, ¶¶ 17-18.)  By distributing a VLK without authorization, Wang effectively

3   circumvented Microsoft's technological measure to control access to a copyrighted work in

4   violation of the DCMA.  *See* 17 U.S.C. § 1201(a)(2).  Additionally, the VLK's placement on a

5   counterfeit label which accompanied the Volume License versions of the Windows XP and

6   Office 2003 software that Wang sold to Microsoft's investigators constitutes trafficking in

7   counterfeit labels.  *See* 18 U.S.C. § 2318(a)(1)(B), (b)(1).  (*See also* T. Johnson Decl., ¶¶ 20-

8   21.)

9          Accordingly, pursuant to her uncontested admissions, Wang is liable for copyright

10  infringement, unauthorized importation of copyrighted works, unauthorized distribution of

11  product keys, and trafficking in counterfeit volume license key labels.  Microsoft is entitled to

12  summary judgment on counts one through four on this basis.

13         **E.       Defendant is Liable for Contributory Infringement.**

14         In addition, even without considering defendant's admissions from the unanswered

15  Requests for Admission, according to the undisputed facts in the record, Wang is liable for

16  copyright infringement and the attendant causes of action because of her conduct contributing to

17  the infringement.  "Contributory infringement originates in tort law and stems from the notion

18  that one who directly contributes to another's infringement should be held accountable."

19  *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 264 (9th Cir. 1996).  "[O]ne who, with

20  knowledge of the infringing activity, induced, causes or materially contributes to the infringing

21  conduct of another, may be held liable as a 'contributory' infringer."  *Id.*, quoting *Gershwin*

22  *Publishing Corp. v. Columbia Artists Management, Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971).

23  An individual may be liable for contributory infringement even where she does not have actual

24  knowledge of the infringing activity, but should have reason to know of the infringing conduct.

25  *Cable/Home Comm. Corp. v. Network Prods., Inc.*, 902 F.2d 829, 845-46 (11th Cir. 1990).

26         The undisputed facts establish that Wang was aware of EEE Business and its infringing

27  activity.  (*See* D. Johnson Decl., Ex. 1, Wang Tr. 22:14-19).  Wang does not contest that she

28  was instrumental in the procurement of leasing space of the company, renting a private mail

Exhibit 5  Page 10

box, opening a PayPal account in her name which was used to receive payment for the sale of

infringing Microsoft products, opening Bank of America accounts for the company, applying

for a credit card merchant account, registering EEE Business as a reseller for a business partner,

purchasing telephone equipment for the business and hiring a CPA to prepare tax returns for the

company. Given this substantial contribution to the endeavors of EEE Business, and

considering her knowledge of the company's infringing conduct, the Court finds her liable on a

theory of contributory infringement. Accordingly, Microsoft is entitled to partial summary

judgment on counts one through four on this basis. *See, e.g., Microsoft Corp. v. Silver Star

Micro, Inc.*, 2008 WL 115006, at *8 n.8 (N.D. Ga. Jan. 9, 2008) (citing *Ellison v. Robertson*,

357 F.3d 1072, 1076 (9th Cir. 2004) (holding that the court analyzes contributory and vicarious

liability under the DCMA in the same manner as determining personal liability for violations of

the Copyright Act.

> **F.      Microsoft is Entitled to a Permanent Injunction.**

Accordingly, pursuant to Federal Rule of Civil Procedure 56 and 17 U.S.C. § 502(a), 17

U.S.C. § 1203(b)(1) and 18 U.S.C. § 2318(f)(2)(A), the Court finds that Microsoft is entitled to

a permanent injunction as follows: The Court ORDERS that defendant Wang, along with her

agents, servants, employees, representatives, successors, assigns, and all those persons acting at

her direction or control, shall be and hereby are permanently enjoined and restrained from:

> (a)      importing to or distributing within the United States any Microsoft software
>          programs (including but not limited to Student Media), components, end user
>          license agreements, or any other items protected by Microsoft's copyrights,
>          including, but not limited to, the following Certificate Registration Numbers:
>
>          (i)      TX 5-407-055 ("Microsoft Windows XP");
>          (ii)     TX 5-837-617 ("Microsoft Office 2003");
>          (iii)    TX 5-872-225 ("Microsoft Access 2003");
>          (iv)     TX 5-837-636 ("Microsoft Excel 2003");
>          (v)      TX 5-900-087 ("Microsoft Outlook 2003");
>          (vi)     TX 5-852-649 ("Microsoft PowerPoint 2003");

United States District Court
For the Northern District of California

11

Exhibit *5* Page 11

1            (vii)   TX 5-900-088 ("Microsoft Word 2003"); and

2            (viii)  Other items or works protected by Microsoft's copyrights;

3                    manufactured abroad and license for exclusive distribution

4                    outside the United States;

5     (b)    distributing or making any other infringing use of Microsoft Student Media

6          software protected by Microsoft's copyrights, including, but not limited to the

7          following Certificate Registration Numbers:

8            (i)     TX 5-407-055 ("Microsoft Windows XP");

9            (ii)    TX 5-837-617 ("Microsoft Office 2003");

10           (iii)   TX 5-872-225 ("Microsoft Access 2003");

11           (iv)   TX 5-837-636 ("Microsoft Excel 2003");

12           (v)    TX 5-900-087 ("Microsoft Outlook 2003");

13           (vi)   TX 5-852-649 ("Microsoft PowerPoint 2003");

14           (vii)   TX 5-900-088 ("Microsoft Word 2003"); and

15           (viii)  Other items or works protected by Microsoft's copyrights;

16    (d)    importing to the United States, offering to the public, providing and trafficking

17         in counterfeit and/or unauthorized Microsoft product keys, knowing or having

18         reason to know that such product keys (i) are primarily designed or produced for

19         the purpose of circumventing activation and/or validation features of Microsoft

20         software, (ii) have only limited commercially significant purpose or use other

21         than to circumvent Microsoft's activation and/or validation features, or (iii) are

22         marketed by defendant Wang or persons acting in concert with defendant Wang

23         for use in circumventing Microsoft's activation and/or validation features;

24    (e)    trafficking, distributing or intending to distribute any counterfeit or illicit

25         Microsoft Certificates of Authenticity, VLK labels, other product key labels, or

26         any Microsoft documentation or packaging; and

27

28

*United States District Court*
*For the Northern District of California*

12

Exhibit **5** Page **12**

1      (F)    assisting, aiding, abetting any other person or business entity in engaging in or

2                performing any of the activities referred to in numbered paragraphs (a) through

3                (e) above.

4      In addition, pursuant to Federal Rule of Civil Procedure 56 and 17 U.S.C. § 503(b), to

5  prevent further unauthorized distribution of Microsoft software, the Court finds that Microsoft

6  is entitled to an order authorizing the remedial destruction of the infringing Microsoft software

7  seized from defendant Wang by the United States Probation Department.

8

9     **IT IS SO ORDERED.**

10  Dated:  May 5, 2008

                                                                           _Jeffrey S White_

11                                                            JEFFREY S. WHITE
                                                            UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

13

Exhibit 5 Page 13

EXHIBIT 6

## Deborah Johnson

| | |
|---|---|
| **From:** | cmecf@nvd.uscourts.gov |
| **Sent:** | Thursday, June 26, 2008 10:14 AM |
| **To:** | cmecfhelpdesk@nvd.uscourts.gov |
| **Subject:** | Activity in Case 2:07-cv-00420-RCJ-LRL Microsoft Corporation v. Global Online Distribution, LLC et al Motion Hearing |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### United States District Court

### District of Nevada

## Notice of Electronic Filing

The following transaction was entered on 6/26/2008 at 10:13 AM PDT and filed on 6/23/2008
**Case Name:**     Microsoft Corporation v. Global Online Distribution, LLC et al
**Case Number:**   2:07-cv-420
**Filer:**
**Document Number:** 104(No document attached)

**Docket Text:**
**MINUTES OF PROCEEDINGS - Motion Hearing held on 6/23/2008 before Judge Robert C. Jones. Crtrm Administrator: *K. Goetsch*; Pla Counsel: *John Jamnback*; Def Counsel: *Richard Sybert*; Court Reporter/FTR #: *D. Saavedra*; Time of Hearing: *10:00am*; Courtroom: *7D*; The Court hears arguments of counsel. ORDERED the [68] MOTION for Summary Judgment is DENIED. FURTHER ORDERED the [71] MOTION for Partial Summary Judgment is GRANTED on the grounds set forth on the record (17 U.S.C. §602). Counsel for prevailing party is directed to prepare and circulate a proposed order. Submission of Proposed Order due by 7/7/2008.(no image attached) (Copies have been distributed pursuant to the NEF - KXG)**

**2:07-cv-420 Notice has been electronically mailed to:**

Holly S. Stoberski hstoberski@gordonrees.com, mtwist@gordonrees.com, wdanhieux@gordonrees.com

John K Gallagher jgallagher@grgflaw.com, dcalhoun@grgflaw.com, dmasterpool@grgflaw.com, jkgadmin@grgflaw.com

John H. Jamnback jjamnback@yarmuth.com, cpringle@yarmuth.com, djohnson@yarmuth.com

Exhibit 6 Page 1

Jeremy E. Roller jroller@yarmuth.com, cpringle@yarmuth.com, smeyer@yarmuth.com

Richard P Sybert rsybert@gordonrees.com, sgill@gordonrees.com

**2:07-cv-420 Notice has been delivered by other means to:**

Exhibit 6 Page 2

# EXHIBIT 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-CIV-22880-HOEVELER/BROWN

MICROSOFT CORPORATION,
a Washington corporation,

        Plaintiff,

v.

TECHNOLOGY ENTERPRISES, LLC, a
Florida Limited Liability Company; JAMES
CRAGHEAD, an individual; SECURITY
CLUB, an Egyptian Company; and JOHN
DOES 1 – 7,

        Defendants.

**████████ ORDER GRANTING MICROSOFT'S MOTION
FOR PRELIMINARY INJUNCTION**

THIS MATTER came before the Court upon Plaintiff Microsoft Corporation's ("Microsoft") Motion for Preliminary Injunction. Having considered Microsoft's motion, the response of defendants Technology Enterprises, LLC ("Technology Enterprises") and James Craghead ("Craghead") (collectively, the "Technology Enterprises Defendants"), and Microsoft's reply ████ and being fully advised, the Court hereby GRANTS Microsoft's motion as follows:

(1)    Pursuant to Federal Rule of Civil Procedure 65 and the federal statutes listed herein, the Court hereby GRANTS Microsoft's Motion for a Preliminary Injunction because the

1

Exhibit **7** Page **1**

Court finds that Microsoft has carried its burden of showing (a) a substantial likelihood of success on the merits, (b) that it will suffer irreparable harm if the injunction is denied, (c) that the threatened injury to Microsoft outweighs whatever damage the proposed injunction may cause to the Technology Enterprises Defendants, and (d) that the injunction will not be adverse to the public interest.

(2)    In addition to its authority under the Federal Rules of Civil Procedure, this Court is authorized to grant injunctive relief under the federal statute upon which this action is brought. *See* 17 U.S.C. §§ 502(a) & 503(a).

(3)    The Court ORDERS that the Technology Enterprises Defendants, along with their agents, servants, employees, representatives, successors, assigns, and all those persons acting at their direction or control, shall be and hereby are ENJOINED and RESTRAINED from:

(a)    importing to the United States any Microsoft software programs (including but not limited to Student Media), components, end user license agreements, or any other items protected by Microsoft's copyrights, including, but not limited to, the following Certificate Registration Numbers:

(1)    TX 5-407-055 ("Microsoft Windows XP Professional");

(2)    TX 5-837-617 ("Microsoft Office 2003 Standard");

(3)    TX 5-837-636 ("Microsoft Excel 2003");

(4)    TX 5-900-087 ("Microsoft Outlook 2003");

(5)    TX 5-852-649 ("Microsoft PowerPoint 2003");

(6)    TX 5-900-088 ("Microsoft Word 2003"); and

(7)    Other items or works protected by Microsoft's copyrights;

manufactured abroad and licensed for exclusive distribution outside the United States;

Exhibit 7 Page 2

      (b)    distributing or making any other infringing use of Microsoft Student Media software protected by Microsoft's copyrights, including, but not limited to, the following Certificate Registration Numbers:

      (1)    TX 5-407-055 ("Microsoft Windows XP Professional");

      (2)    TX 5-837-617 ("Microsoft Office 2003 Standard");

      (3)    TX 5-837-636 ("Microsoft Excel 2003");

      (4)    TX 5-900-087 ("Microsoft Outlook 2003");

      (5)    TX 5-852-649 ("Microsoft PowerPoint 2003");

      (6)    TX 5-900-088 ("Microsoft Word 2003"); and

      (7)    Other items or works protected by Microsoft's copyrights;

    (4)    The Court further IMPOUNDS all Microsoft Student Media imported by the Technology Enterprises Defendants through the United States Customs and Border Protection ("CBP") entries at Miami, Florida, and at Newark, New Jersey, and any other Microsoft Student Media imported to the United States without authorization from Microsoft (the "Impounded Software"). The Technology Enterprises Defendants are ORDERED to transport all of the Impounded Software to Kai Logistics, located at 10501 Northwest 50th Street, Sunrise, Florida 33351. Kai Logistics is hereby appointed substitute custodian of the Impounded Software. The custodian shall retain possession and control of the Impounded Software pending further order of this Court. The custodian shall allow the parties, their counsel and experts, access to the Impounded Software for non-destructive testing and analysis. All testing and analysis shall take place during business hours.

    (5)    CBP is DIRECTED to transfer custody to Microsoft or its designated agent, including Kai Logistics, that portion of the Impounded Software presently in CBP's custody in

3

Exhibit 7 Page 3

Miami, Florida pursuant to this Court's Order Granting Plaintiff Microsoft Corporation's

Emergency Ex Parte Motion for Evidence Preservation Order (Dkt. # 9).

      (6)    Microsoft shall be responsible for all transportation and storage costs relating to

the Impounded Software pending further order of the Court. This order is without prejudice to

Microsoft's right to seek to recover those expenses at trial.

      (7)    Microsoft is directed to file proof of bond, in the amount of $ *25,000.00*,

within five court days of this Order. The bond shall serve as security for all claims with respect

to this Preliminary Injunction Order.


DATED this *25th* day of *January*, 200*8*.

                                 _Wm M Hoeveler_____
                                United States District Judge


Presented by:

s/ Gustavo A. Bravo_____
Richard C. Hutchison
Florida Bar No. 709360
Gustavo A. Bravo
Florida Bar No. 551287
Email: rick.hutchison@hklaw.com
       gustavo.bravo@hklaw.com
HOLLAND & KNIGHT LLP
One East Broward Boulevard, Suite 1300
Fort Lauderdale, Florida 33301
Phone: (954) 525-1000
Fax: (954) 463-2030


4

Exhibit 7 Page 4

Scott T. Wilsdon (*pro hac vice*)
John H. Jamnback (*pro hac vice*)
Jeremy E. Roller (*pro hac vice*)
Email: wilsdon@yarmuth.com
        jjamnback@yarmuth.com
        jroller@yarmuth.com
YARMUTH WILSDON CALFO PLLC
925 Fourth Avenue, Suite 2500
Seattle, Washington 98104
Phone: (206) 516-3800
Fax: (206) 516-3888

Attorneys for Plaintiff Microsoft Corporation

# 4590402_v1

5

425.18 he071502

Exhibit 7 Page 5