IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington Corporation, <br><br>            Plaintiff, <br><br>     v. <br><br> INTRAX GROUP, INC., d/b/a/ SURPLUS COMPUTERS, a California Corporation; MICHAEL MAK, an individual; and DOES 1-5, <br><br>            Defendants. <br>_____/ | No. C 07-1840 CW <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT |

Plaintiff Microsoft Corporation has filed a motion for summary judgment. Defendant Michael Mak opposes the motion and cross-moves for summary judgment.[1] The motions were heard on September 11, 2008. Having considered all of the parties' papers and argument on the motions, the Court hereby grants Plaintiff's motion and its request for a permanent injunction and denies Defendant's cross-motion.

BACKGROUND

Plaintiff is a company that develops, markets, distributes and

---

[1] In September, 2007, Defendant Intrax filed a Chapter 11 bankruptcy petition. Therefore, all claims against Intrax are stayed.

licenses computer software programs.  Plaintiff holds valid copyrights in its software programs.  Plaintiff offers Student Media software through special academic licensing programs to provide low cost software to qualified educational institutions for use by their students, faculty and staff.  Student Media software is offered at a discount to students around the world through specific volume licensing agreements with educational institutions.

In the United States, institutions enrolled in one of the academic licensing agreements may order Student Media only from specific Authorized Education Resellers (AERs).  In addition, Plaintiff imposes geographic restrictions on the distribution of its products, including Student Media.  According to Plaintiff, Student Media distributed to Europe, the Middle East or Africa is not licensed for use in North America.  Plaintiff states that neither Defendant is a licensed AER and none of Defendants' known suppliers is an AER.

Plaintiff presents evidence and Defendant Mak does not dispute that, in 1997, Mak started the Intrax Group, which now does business as Surplus Computers.  Mak owns seventy percent of the company and his brother owns the remaining thirty percent.  Mak controls the activities of Intrax's employees and controls and maintains the Surplus Computers website.  At his deposition, Mak testified that, between 2005 and the present, he directed that Microsoft Student Media software be offered for sale on the Surplus Computers website.  Mak also testified that his earnings are tied to Intrax's earnings and that he has been paid bonuses at the discretion of the Intrax board, which consists of himself and his

brother.[2]

Plaintiff also presents undisputed evidence that, on five occasions between April, 2006 and March, 2007, investigators hired by Plaintiff placed orders through the Surplus Computers website and received Student Media software that was determined to have been manufactured in either Ireland or Germany and not licensed for distribution in the United States. Two of these transactions occurred in 2007, after Plaintiff sent a cease-and-desist letter to Surplus Computers. Plaintiff states that it had previously sent four cease-and-desist letters to Software and Stuff, a prior name under which Intrax did business. At his deposition, Mak testified that Defendants distributed a large amount of Student Media software and did not ask their customers for proof that they were licensed to purchase or use such software.

## LEGAL STANDARD

Summary judgment is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir. 1987).

The moving party bears the burden of showing that there is no material factual dispute. Therefore, the court must regard as true

---

[2] Mak does not dispute that he can be held personally, contributorily and vicariously liable for any infringing activity by Intrax.

3

the opposing party's evidence, if supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324; Eisenberg, 815 F.2d at 1289. The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).

Material facts which would preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. The substantive law will identify which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## DISCUSSION

Plaintiff argues that it is entitled to summary judgment on its claim for copyright infringement on two bases: (1) Mak's unauthorized distribution of Plaintiff's Student Media software to persons or entities other than qualified educational users violates 17 U.S.C. § 106(3) and (2) Mak's importation of copyrighted works manufactured abroad for exclusive distribution and use by qualified educational users abroad violates 17 U.S.C. § 602(a). Mak counters that he is entitled to summary judgment of non-infringement based on his assertion of the first sale defense. He also raises various policy arguments in support of a finding of non-infringement, each of which stems from his contention that he legally owns the copies of the software that he sells.

I.   First Sale Defense

Title 17 United States Code section 109(a) provides that "the

4

owner of a particular copy or phonorecord lawfully made under this title, or any person authorized by such owner, is entitled without the authority of the copyright owner, to sell or otherwise dispose of the possession of that copy or phonorecord."  Mak argues that, as the owner of legally made copies of Plaintiff's software, he is entitled to dispose of those copies in any manner he chooses. Plaintiff points out, and Mak does not dispute, that Mak has the burden of proving the applicability of the first sale doctrine. See Novell, Inc. v. Unicom Sales, Inc., 2004 WL 1839117, at *8 (N.D. Cal. 2004) (citing 17 U.S.C. § 109, Historical Note).[3] Therefore, Mak must establish that "title to the copy pass[ed] through a first sale by the copyright holder." Id. at *13 (quoting American International Pictures, Inc. v. Foreman, 576 F.2d 661, 664 (5th Cir. 1978)).  To survive a motion for summary judgment, Mak must present evidence to that effect.

Mak argues that, because the copies of software at issue were "lawfully made," that is, manufactured at Plaintiff's request in Germany or Ireland and not counterfeit copies, he is permitted to dispose of those copies in any manner he chooses.  However, "§ 109(a) can provide a defense against §§ 106(3) and 602(a) claims only insofar as the claims involve domestically made copies of U.S.-copyrighted works." Omega, S.A. v. Costco Wholesale Corp.,

---

[3] Plaintiff disputes the applicability of the first sale defense to this case because it contends that its software is distributed by license, not sale. See Wall Data Inc. v. L.A. County Sheriff's Dep't, 447 F.2d 769, 785 n.9 (9th Cir. 2006) (noting that "the first sale doctrine rarely applies in the software world because software is rarely 'sold'").  However, the Court need not reach that question because, as discussed below, Mak fails to establish his entitlement to a first sale defense.

5

1  \_\_ F.3d \_\_, 2008 WL 4058640, *3 (9th Cir. Sept. 3, 2008).  Here,
2  there is no dispute that Microsoft manufactured the software at
3  issue in Ireland or Germany, and "there is no evidence that they
4  were voluntarily sold by the U.S. copyright owner within the United
5  States."  Id. at *4; see also Denbicare U.S.A. Inc. v. Toys "R" Us,
6  Inc., 84 F.3d 1143, 1145-46 (9th Cir. 1996).  Therefore, the Court
7  finds that, even if the first sale defense is applicable to
8  software that is licensed, not sold, Mak is not entitled to raise
9  it.

## II. 17 U.S.C. § 602(a)

Plaintiff also argues that it is entitled to summary judgment based on a violation of 17 U.S.C. § 602(a), because Mak has distributed in the United States copyrighted software, which is manufactured and licensed for exclusive use abroad.  Section 602(a) provides,

> Importation into the United States, without the authority of the owner of copyright under this title, of copies or phonorecords of a work that have been acquired outside of the United States is an infringement of the exclusive right to distribute copies or phonorecords under section 106, actionable under section 501.

Plaintiff has presented undisputed evidence that the Student Media software obtained from Defendants by its investigators was manufactured in Ireland or Germany and licensed for use by students outside of the United States.  Defendants were not authorized to import or distribute in the United States Plaintiff's software licensed for distribution only outside the United States.

Mak counters that he is also entitled to a first sale defense to Plaintiff's § 602(a) claim.  However, the first sale defense

6

applies only to those products that are manufactured within the United States.  See Omega, 2008 WL 4058640, at *7 ("our general rule that § 109(a) refers 'only to copies legally made . . . in the Unites States,' is not clearly irreconcilable with Quality King, and, therefore, remains binding precedent.").

Mak also argues that he is not liable under § 602(a) because he is not himself alleged to have imported the software.  However, this argument is foreclosed by Parfums Givenchy, Inc. v. Drug Emporium, Inc., 38 F.3d 477 (9th Cir. 1994).  In Parfums, the defendant tried to avoid § 602(a) liability because it was not the importer of the goods in question, rather it bought the goods from a wholesaler.  Id. at 482.  The Ninth Circuit held that "[t]his is not a material distinction because the purchaser of illegally imported copies has no more authority to distribute copies than does the original importer."  Id.  Further, Mak has not shown that the software has been sold in the United States by the copyright owner or with its authority.  See Denbicare, 84 F.3d at 1150 ("Thus, under the law of the circuit, § 109 applies to copies made abroad only if the copies have been sold in the United States by the copyright owner or with its authority.").

The Court finds that Plaintiff is entitled to summary judgment in its favor based on violation of § 602(a).

III. Permanent Injunction

Finally, Plaintiff argues that it is entitled to a permanent injunction preventing Mak from continuing his infringing activities.  Mak does not address Plaintiff's request.

A court may order a permanent injunction "to prevent or

7

restrain infringement of [the owner's] copyright."  17 U.S.C. § 502.  Generally, a showing of copyright infringement liability and the threat of future violations is sufficient to warrant a permanent injunction.  <u>Mai Systems Corp. v. Peak Computer, Inc.</u>, 991 F.2d 511, 520 (9th Cir. 1993).  As discussed above, the Court finds that Mak is liable for copyright infringement.  In light of Mak's continued sales of Plaintiff's protected products, even after multiple cease-and-desist letters from Plaintiff, the Court finds that there is a threat of future violations.  Moreover, preventing Mak from infringing Plaintiff's copyrights will not cause Mak any harm.  Therefore, the Court grants Plaintiff's request for a permanent injunction.  The injunction has entered as a separate order.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for summary judgment and its request for a permanent injunction (Docket No. 30) and DENIES Defendant Mak's cross-motion for summary judgment (Docket No. 36).  With respect to the remaining damages claim, it appears that the Court must decide the question of "willfulness" under 17 U.S.C. § 504(c)(2).  If either party disagrees it must address the issue in the summary judgment briefing schedule below.

Within ten days of the date of this order, Plaintiff shall file a further motion for summary judgment five pages in length as to the number of titles it alleges were infringed for statutory damages purposes, and on its third cause of action, explaining what relief it requests.  Mr. Mak must file his five page opposition ten

8

days thereafter.  Plaintiff may file a two page reply five days later and the matter will be decided on the papers.  Plaintiff must advise the Court in its opening brief whether it will seek lost profit damages and if so how it proposes to prove those damages, whether by Court trial or jury trial, before the undersigned or on consent before a Magistrate Judge.  Plaintiff should also address how it proposes to prove willfulness.  Mr. Mak shall proffer his position on these issues in his opposition.

IT IS SO ORDERED.

Dated: 10/6/08

_____
CLAUDIA WILKEN
United States District Judge